# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MHL CUSTOM, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | |
| | ) | |
| WAYDOO USA, INC., a Delaware | ) | C.A. No. 1:21-cv- |
| corporation, | ) | |
| | ) | JURY TRIAL DEMANDED |
| -and- | ) | |
| | ) | |
| SHENZHEN WAYDOO | ) | |
| INTELLIGENCE TECHNOLOGY CO., | ) | |
| LTD., a limited liability company of China | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, MHL Custom, Inc. ("MHL" or "Plaintiff"), by counsel, for its Complaint against Defendants Waydoo USA, Inc. ("Waydoo USA") and Shenzhen Waydoo Intelligence Technology Co., Ltd. ("Shenzhen Waydoo") (collectively "Waydoo" or "Defendants"), complains and alleges as follows:

## INTRODUCTION

1.      This is an action for infringement of United States Patent No. 9,359,044 entitled Weight-Shift Controlled Personal Hydrofoil Watercraft ("the '044 Patent") and United States Patent No. 9,586,659 entitled Powered Hydrofoil Board ("the '659 Patent") (collectively, "the Patents-in-Suit"), which arises under the patent laws of the United States. This Complaint comprises causes of action for patent infringement, wherein Defendants, upon information and belief, have engaged, and continue to engage, in willful infringement of the Patents-In-Suit. Plaintiff seeks injunctive relief; all damages sustained by Plaintiff as a result of the infringement;

1

enhanced damages; and all costs and fees, including reasonable attorneys' fees, incurred by Plaintiff in this action.

## THE PARTIES

2.     Plaintiff, MHL, is a corporation organized and existing under the laws of Puerto Rico, having its principal place of business at 500 Barrio Bajuras, Isabela, Puerto Rico 00662.

3.     Defendant, Shenzhen Waydoo, is a limited liability company organized under the laws of China, with an address at 105-108,F,140 Bldg. Pinghu Industrial, Shenzhen, China 518000.

4.     Defendant, Waydoo USA, is, upon information and belief, a corporation incorporated and existing under the laws of Delaware, with a place of business located in Delaware.  Upon information and belief, Waydoo USA is wholly owned and/or controlled by Shenzen Waydoo, and Waydoo USA serves as a managing agent of Shenzen Waydoo in the United. States.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue properly resides in the United States District Court for the District of Delaware, pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b), because Waydoo has a place of business within this judicial district and has committed acts giving rise to Plaintiff's claims within this judicial district.

7.     There is personal jurisdiction over Shenzhen Waydoo, upon information and belief, because Shenzhen Waydoo conducts substantial business in this judicial district, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from individuals and entities in Delaware and in the United States.

8.     Alternatively, personal jurisdiction exists over Shenzhen Waydoo under Fed. R. Civ. Pro. 4(k)(2) because Shenzhen Waydoo purposefully directed activities to the United States, on its own, through Waydoo USA, or in conspiracy with Waydoo USA, including but not limited to actions related to the design, manufacture, marketing, sale or importation of the Accused Products (defined below) in the United States.

## THE PATENTS-IN-SUIT

9.     MHL is the assignee and owner of the '044 Patent, which was issued by the United States Patent and Trademark Office ("PTO") on June 7, 2016. The '044 Patent issued from Application Serial No. 14/509,289 having a filing date of October 8, 2014.  The '044 Patent claims priority to Provisional Application No. 61/889,071, filed on October 10, 2013 ("the '071 Provisional Application"). A copy of the '044 Patent is attached hereto as **Exhibit A** and is incorporated herein by reference.

10.     MHL is the assignee and owner of the '659 Patent, which was issued by the PTO on March 7, 2017.  The '659 Patent issued from Application Serial No. 15/064,521 having a filing date of March 8, 2016.  The '659 Patent claims priority to the '044 Patent and the '071 Provisional Application.  A copy of the '659 Patent is attached hereto as **Exhibit B** and is incorporated herein by reference.

11.     By virtue of its rights in the Patents-In-Suit, MHL has the right to exclude others from practicing the inventions claimed in the Patents-In-Suit and/or from manufacturing, using, selling, offering to sell or importing into the United States the inventions claimed in the Patents-In-Suit.  MHL has not authorized Defendants to make, use, sell or offer to sell, or import into the United States any invention under the Patents-In-Suit.

## THE ACCUSED PRODUCTS AND NOTICE OF INFRINGEMENT

12.     Defendants make, use, offer for sale, sell, and/or import into the United States personal hydrofoil watercraft, including, without limitation, the "Waydoo Flyer" and the "Waydoo Flyer ONE" watercraft (collectively, "the Accused Products"):



*Waydoo Flyer ONE*



*Waydoo Flyer ONE*



*Waydoo Flyer*



*Waydoo Flyer*

13.     On information and belief, Waydoo USA is the U.S. entity affiliated with and/or owned by Shenzhen Waydoo to sell and/or offer for sale the Accused Products in the United States.

14.     On information and belief, Shenzhen Waydoo manufactures, sells, offers for sale,

4

and/or imports the Accused Products into the United States either on its own or through Waydoo USA.

15.     Upon information and belief, Waydoo USA was incorporated on July 2, 2020.  The sole director of Waydoo USA identified in its Certificate of Incorporation is Boyang Zhang, who is identified as a resident of Shenzhen, China.  Upon information and belief, Mr. Zhang is also one of the founders of Shenzhen Waydoo, and served as Shenzen Wadyoo's Sales Director from April 2019 – September 2020.

16.     Prior to the incorporation of Waydoo USA, Shenzen Waydoo conducted business directly in the United States.  These actions included: (i) representatives of Shenzen Waydoo appearing at exhibitions in Las Vegas, Nevada in 2019 and 2020 to advertise and promote the Accused Products; (ii) soliciting and receiving investment in Shenzen Waydoo from investors in the United States through a kickstarter campaign, including through literature touting the purported benefits of Shenzen Waydoo's products compared to those of MHL; and (iii) importing, selling and offering for sale the Accused Products in the United States.  Upon information and belief, since its incorporation, Waydoo USA has acted in concert with Shenzen Waydoo to advertise, promote, import, sell and offer for sale the Accused Products in the United States.

17.     On January 31, 2019, April 9, 2019, and April 12, 2019, MHL sent Shenzhen Waydoo cease and desist letters notifying Shenzhen Waydoo that its Waydoo Flyer infringes the Patents-In-Suit.  The cease and desist letters are attached hereto as **Exhibit C** and are incorporated herein by reference.  Shenzhen Waydoo did not respond to the letters.

## **MHL'S COMMERCIAL EMBODIMENT**

18.     MHL sells several models of a personal hydrofoil watercraft called the "Lift eFoil":



19.     The Lift eFoil products are covered by the Patents-In-Suit.

20.     MHL virtually marks its Lift eFoil products with the Patents-In-Suit in accordance with 35 U.S.C. § 287.

### **FIRST CLAIM FOR RELIEF**
### **Infringement of the '044 Patent by both Defendants**

21.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 of the Complaint, and further states:

22.     Upon information and belief, Defendants have engaged, and/or are engaging, either directly or indirectly, in infringement of the '044 Patent with knowledge of MHL's exclusive rights in the '044 Patent.

23.     For example, and without limitation, Waydoo USA, upon information and belief, directly infringes the '044 Patent by manufacturing, using, offering to sell, selling, and/or importing into the United States, without permission or authority from MHL, the Accused Products, including both the *Waydoo Flyer* and the *Waydoo Flyer ONE*.

24.     In addition, Shenzhen Waydoo, upon information and belief, directly infringes the '044 Patent by manufacturing, using, offering to sell, selling, and/or importing into the United States, without permission or authority from MHL, the Accused Products, including both the

*Waydoo Flyer* and the *Waydoo Flyer ONE*.

25.     Upon information and belief, the Accused Products meet, either literally or under the doctrine of equivalents, every limitation of one or more claims of the '044 Patent in violation of 35 U.S.C. § 271.

26.     Upon information and belief, the Accused Products infringe at least Claim 1 of the '044 Patent, either literally or under the doctrine of equivalents.  Features of the Accused Products, including their infringing features, can be seen in the images referenced in paragraph 12, above.

27.     Claim 1 of the '044 Patent reads as follows:

> 1. A passively stable, weight-shift controlled personal hydrofoil watercraft, comprising:
>   a flotation device that has a fore-aft length greater than a lateral width, the flotation device having a top surface and a bottom surface, wherein a user can be disposed on the top surface of the flotation device in a prone, kneeling, or standing position, the flotation device having a forward section, a middle section, and a rear section, and the flotation device being controlled via weight shift of the user;
>   a strut having an upper end and a lower end, the upper end fixedly interconnected with the flotation device between the middle section and the rear section of the flotation device;
>   a hydrofoil fixedly interconnected with the lower end of the strut, the hydrofoil having no movable surface and designed to provide passive static stability controlled solely by weight shift of the user;
>   a propulsion system for propelling the watercraft in a body of water, wherein the propulsion system is connected to the hydrofoil; and
>   the watercraft having no movable steering system.

28.     Upon information and belief, the Accused Products are passively stable, weight-shift controlled personal hydrofoil watercraft, the watercraft having a flotation device (i.e. the board) having a fore-aft length greater than its lateral width and a top and bottom surface wherein the user can be on the top surface in a prone, kneeling, or standing position; the flotation device has a forward, middle, and rear section; the flotation device is controlled via weight shift of the

user.

29.     Upon information and belief, the Accused Products also have a strut with an upper and lower end wherein the upper end is fixedly interconnected with the flotation device between the middle and rear section of the flotation device.

30.     Upon information and belief, the Accused Products also have a hydrofoil fixedly interconnected with the lower end of the strut without any movable surface and designed to provide passive static stability controlled solely by weight shift of the user.

31.     Upon information and belief, the Accused Products also have a propulsion system connected to the hydrofoil for propelling the watercraft in a body of water.

32.     Upon information and belief, the Accused Products also have no movable steering system.

33.     Therefore, upon information and belief, the Accused Products meet each and every limitation of Claim 1, either literally or under the doctrine of equivalents.

34.     Further, upon information and belief, Defendants' acts of infringement are willful and/or done with knowledge, or deliberate indifference to the existence, of the '044 Patent because (a) MHL's patented products are virtually marked, in compliance with 35 U.S.C. § 287, to provide constructive notice of the '044 Patent, and (b) MHL sent Shenzhen Waydoo cease and desist letters (**Exhibit C**) alerting Shenzhen Waydoo to the '044 Patent and Shenzhen Waydoo's infringement, which Shenzhen Waydoo ignored.

35.     Upon information and belief, Defendants have unlawfully derived, received, and will derive and receive from the aforesaid infringement of the '044 Patent, substantial gains, profits, and advantages.  As a direct and proximate result of the aforesaid infringement, MHL has been, and will be, irreparably harmed and has been, and will be, greatly damaged and deprived

and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which it is lawfully entitled and which it would have derived and received, but for the aforesaid infringement by Defendants.

36.     By virtue of the foregoing infringement of the '044 Patent, MHL is entitled to recover damages as set forth in 35 U.S.C. § 284, in such amount as may be established at trial of this action, including enhanced damages, and attorney fees as set forth in 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
### Infringement of the '659 Patent by both Defendants

37.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 of the Complaint, and further states:

38.     Upon information and belief, Defendants have engaged, and/or is engaging, either directly or indirectly, in infringement of the '659 Patent with knowledge of MHL's exclusive rights in the '659 Patent.

39.     For example, and without limitation, Waydoo USA, upon information and belief, directly infringes the '659 Patent by manufacturing, using, offering to sell, selling, and/or importing into the United States, without permission or authority from MHL, the Accused Products, including both the *Waydoo Flyer* and the *Waydoo Flyer ONE*.

40.     In addition, Shenzhen Waydoo, upon information and belief, directly infringes the '659 Patent by manufacturing, using, offering to sell, selling, and/or importing into the United States, without permission or authority from MHL, the Accused Products, including both the *Waydoo Flyer* and the *Waydoo Flyer ONE*.

41.     Upon information and belief, the Accused Products meet, either literally or under the doctrine of equivalents, every limitation of one or more claims of the '659 Patent in violation of 35 U.S.C. § 271.

42.   Upon information and belief, the Accused Products infringe at least Claim 1 of the '659 Patent, either literally or under the doctrine of equivalents.  Features of the Accused Products, including their infringing features, can be seen in the images depicted in paragraph 12, above.

43.   Claim 1 of the '659 Patent reads as follows:

> 1. A passively stable, weight-shift controlled personal hydrofoil watercraft, comprising:
> a flotation device that has a fore-aft length greater than a lateral width, the flotation device having a top surface and a bottom surface, wherein a user can be disposed on the top surface of the flotation device in a prone, kneeling, or standing position, the flotation device having a forward section, a middle section, and a rear section;
> a strut having a upper end and a lower end, the upper end fixedly interconnected with the flotation device between the middle section and the rear section of the flotation device;
> a hydrofoil fixedly interconnected with the lower end of the strut, the hydrofoil having no movable surface;
> a propulsion system for propelling the watercraft in a body of water, wherein the propulsion system is connected to the hydrofoil; and
> the watercraft having no movable steering system.

44.   Upon information and belief, the Accused Products are passively stable, weight-shift controlled personal hydrofoil watercraft, the watercraft having a flotation device (i.e. the board) that has a fore-aft length greater than its lateral width and a top and bottom surface wherein the user can be on the top surface in a prone, kneeling, or standing position; the flotation device has a forward, middle, and rear section.

45.   Upon information and belief, the Accused Products also have a strut with an upper and lower end wherein the upper end is fixedly interconnected with the flotation device between the middle and rear section of the flotation device.

46.   Upon information and belief, the Accused Products also have a hydrofoil fixedly interconnected with the lower end of the strut without any movable surface.

47.     Upon information and belief, the Accused Products also have a propulsion system connected to the hydrofoil for propelling the watercraft in a body of water.

48.     Upon information and belief, the Accused Products also have no movable steering system.

49.     Therefore, upon information and belief, the Accused Products meet each and every limitation of Claim 1, either literally or under the doctrine of equivalents.

50.     Further, upon information and belief, Defendants' acts of infringement are willful and/or done with knowledge, or deliberate indifference to the existence, of the '659 Patent because (a) MHL's patented products are virtually marked, in compliance with 35 U.S.C. § 287, to provide constructive notice of the '659 Patent, and (b) MHL sent Shenzhen Waydoo cease and desist letters (**Exhibit C**) alerting Shenzhen Waydoo to the '659 Patent and Shenzhen Waydoo's infringement, which Shenzhen Waydoo ignored.

51.     Upon information and belief, Defendants have unlawfully derived, received, and will derive and receive from the aforesaid infringement of the '659 Patent, substantial gains, profits, and advantages.  As a direct and proximate result of the aforesaid infringement, MHL has been, and will be, irreparably harmed and has been, and will be, greatly damaged and deprived and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which it is lawfully entitled and which it would have derived and received, but for the aforesaid infringement by Defendants.

52.     By virtue of the foregoing infringement of the '659 Patent, MHL is entitled to recover damages as set forth in 35 U.S.C. § 284, in such amount as may be established at trial of this action, including enhanced damages, and attorney fees as set forth in 35 U.S.C. § 285.

## JURY TRIAL DEMANDED

53.    Plaintiff demands a jury trial on all appropriate issues.

WHEREFORE, Plaintiff, MHL, respectfully prays for the following relief:

A.    An adjudication that the Patents-In-Suit are infringed by Defendants and that Defendants' infringement is willful;

B.    Pursuant to 35 U.S.C. § 283, an injunction restraining and enjoining Defendants, and their respective subsidiaries, parents, directors, officers, agents, servants and employees, and all persons in active concert and participation with them, from directly or indirectly infringing the Patents-In-Suit;

C.    A judgment entered for Plaintiff and against Defendants for such damages recoverable under 35 U.S.C. § 284 and/or as have actually been sustained by Plaintiff as a result of said infringement of the Patents-in-Suit by Defendants, and that Defendants be ordered to pay such damages to Plaintiff;

D.    That the Court treble all damages awarded to Plaintiff, pursuant to 35 U.S.C. § 284, and that Defendants be ordered to pay such trebled damages to Plaintiff;

E.    That Plaintiff recover prejudgment and post-judgment interest from Defendants on damages awarded to Plaintiff;

F.    That Defendants be ordered to pay to Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.    That Plaintiff recover all other costs and disbursements that may be incurred by it in this action;

H.    That Plaintiff has a trial by jury on all issues so triable; and

I.    That the Court grant Plaintiff such other and further relief as it may deem just,

proper, and equitable.

Dated:  January 27, 2021                    Respectfully submitted,

**COOCH AND TAYLOR, P.A.**

*/s/ Blake A. Bennett*
Blake A. Bennett (#5133)
The Nemours Building
1007 N. Orange Street, Suite 1120
Wilmington, DE 19801
Telephone: (302) 984-3889
bbennett@coochtaylor.com
*Attorneys for Plaintiff MHL Custom, Inc.*

**OF COUNSEL**
Dennis D. Murrell (*pro hac vice to be filed*)
Robert J. Theuerkauf (*pro hac vice to be filed*)
Daniel W. Redding (*pro hac vice to be filed*)
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202-3410
Telephone: (502) 584-1135
Facsimile: (502) 561-0442
dmurrell@middletonlaw.com
rjt@middletonlaw.com
dredding@middletonlaw.com