# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>WAYDOO USA, INC and SHENZHEN )<br>WAYDOO INTELLIGENCE TECHNOLOGY )<br>CO., LTD., )<br><br>Defendants. ) | C.A. No.: 21-091-RGA-MPT<br><br>**REDACTED PUBLIC VERSION** |

## NOVEMBER 9, 2022 LETTER TO THE
## <u>HONORABLE MARY PAT THYNGE FROM KELLY E. FARNAN</u>

OF COUNSEL:

Edgar H. Haug
Robert E. Colletti
Mark Basanta
Roman Khasidov
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
212-588-0800

Dated:  November 9, 2022

RICHARDS, LAYTON & FINGER, P.A.
Kelly E. Farnan (#4395)
Dorronda R. Bordley (#6642)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
bordley@rlf.com

*Attorneys for Defendants*



Kelly E. Farnan
302-651-7705
farnan@rlf.com

November 9, 2022

**REDACTED PUBLIC VERSION**

**BY CM/ECF**
The Honorable Mary Pat Thynge
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801-3555

Re:   ***MHL Custom, Inc. v. Waydoo USA, Inc. et al***,  **C.A. No: 21-0091-RGA**

Dear Judge Thynge:

Defendant Shenzhen Waydoo Intelligence Technology Co., Ltd. ("Waydoo") respectfully requests that the Court compel Plaintiff MHL Custom, Inc. ("MHL") to produce: (i) MHL's intellectual property ("IP") insurance policies, (ii) all communications between MHL and any party related to the policies, and (iii) all opinions of counsel MHL provided to any party related to the policies.

**I.      Factual Background of Dispute**

Under Fed. R. Civ. P. 26(a)(1)(A)(iv), MHL had the duty to disclose "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." In its June 18, 2021 Initial Disclosures, however, MHL stated that it was "not aware of anything to disclose . . . at this time."  Waydoo's Requests for Production specifically asked for documents relating to communications with third parties about the asserted patents and communications with anyone with a financial interest in the outcome of this action.  *See* Ex. 1.  Upon review of MHL emails, counsel for Waydoo learned of MHL's insurance policy.  *See* Ex. 2.  Waydoo deposed MHL's fact witnesses, and learned of MHL's insurance policy, purportedly "with IPISC" (Intellectual Property Insurance Services Corporation). *See* Ex. 3.  Waydoo's counsel immediately requested production of MHL's insurance agreement.   MHL refused on the bases of responsiveness, relevancy, and privilege.  Eventually, MHL produced a declaration page of its

■ ■ ■

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

www.rlf.com

Hon. Mary Pat Thynge
November 9, 2022
Page 2

insurance policy to defend its claims of privilege. *See* Ex. 4. The declaration appears to disclose a three year, one million-dollar, insurance policy that became effective on September 17, 2020. Moreover, the declaration reveals that MHL's insurance provider is a group of underwriters at Lloyd's of London and *not* IPISC—as MHL had maintained. MHL also noted that four separate legal opinions, dated July 3, 2020, were provided to IPISC to obtain the insurance.

## II.      The Requested Documents are Relevant

Any agreement between MHL and an IP insurance provider is relevant as it bears on the valuation of the asserted patents and MHL's claim of privilege. Communications between IPISC and MHL relating to the asserted patents and this litigation are relevant because the communications discuss MHL's claims as they are related to central issues in this case, such as validity and infringement, valuation, damages, and royalty rates. *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 WL 798731, \*3 (D. Del. 2018). In *Acceleration Bay*, the Court agreed with plaintiff where it argued that common sense dictates that defendant "would not have been providing irrelevant information about the patents to its prospective litigation financier to secure money to bring this case." *Id.* Opinions of counsel provided to IPISC and potentially others are relevant as they disclose MHL's views regarding patent validity and alleged infringement which speak to MHL's claims or defenses.

## III.      MHL's IP Insurance Policy and Related Communications Are Not Privileged

A party asserting a privilege bears the burden of proof. *In re Grand Jury*, 705 F.3d 133, 160 (3d Cir. 2012). Attorney-client privilege applies to "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007). Any IP insurance policy and the communications between MHL and IPISC are not privileged for at least two reasons. One, neither set of documents were for the "purpose of obtaining or providing legal

Hon. Mary Pat Thynge
November 9, 2022
Page 3

assistance." *Id.* The primary purpose of the agreement and communications was to obtain coverage for litigation expenses (i.e., financial assistance). Two, IPISC is not a "privileged person", as they do not "help facilitate attorney-client communications or the legal representation." *In re Teleglobe*, 493 F.3d at 359. Further, MHL's declarations page ████████████████████ ████████████████████████████████████████████ *See* Ex. 4. MHL has not and cannot carry its burden to show a privilege applies to any IP insurance policy or communications with IPISC.

**IV.    Any Alleged Privilege in MHL's Opinions of Counsel Was Waived When MHL Provided Them to a Non-Party, IPISC**

Any alleged privilege in the opinions of counsel was waived when MHL provided these opinions to IPISC. "[I]t is well-settled that when a client voluntarily discloses privileged communications to a third party, the privilege is waived." *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991). Further, "[t]he attorney-client privilege does not apply to communications that are intended to be disclosed to third parties *or that in fact are so disclosed.*" *Id*. at 1427. IPISC requires that a party seeking insurance provide it with opinions of counsel. MHL likely intended to disclose any opinions of counsel before they were even written.

MHL claims that the common interest privilege protects its opinions from any waiver. To claim the common interest privilege, however, the party asserting the privilege must demonstrate that the disclosures would not have been made but for the sake of securing, advancing, or supplying legal representation. *Leader Techs., Inc. v. Facebook, Inc.,* 719 F. Supp. 2d 373, 376 (D. Del. 2010). MHL provided these opinions to IPISC for the purpose of obtaining insurance, not for securing legal representation. Further, to show that there is a proper community of interest, the parties' interests "must be 'identical, not similar, and be legal, not solely commercial.'" *Id*. at 376. Most likely, MHL provided the opinions (dated July 2020) to IPISC before its IP insurance policy

Hon. Mary Pat Thynge
November 9, 2022
Page 4

issued (September 2020).  In light of the opinions' contents, IPISC and any insurer were free to deny MHL coverage.  In that way, MHL and IPISC (and any insurer) interests were adverse at this time.  When MHL provided these opinions to IPISC, their interests were likely neither identical nor legal.

Further, there is no common interest between MHL and whoever its insurer is.  *Go Med. Indus. Pty., Ltd. v. C. R. Bard, Inc.*, 1998 WL 1632525, *3 (D. Conn. 1998), *rev'd on other grounds*, 250 F.3d 763 (Fed. Cir. 2000).  Under similar circumstances, the court in *Go Medical*, held that there was no common interest between the plaintiff and its insurer for documents provided for the purpose of obtaining insurance stating: "an insurer's contractual obligation to pay its insured's litigation expenses does not, by itself, create a common interest between the insurer and the insured that is sufficient to warrant application of the common interest rule of the attorney client privilege."  *Id*.  MHL provided the legal opinions to IPISC in order to obtain insurance coverage, who may have in turn provided these opinions to others, for example potential underwriters.  Further, it appears that IPISC is not even obligated to pay MHL's litigation expenses.  *See* Ex. 4.

MHL's relationship with IPISC is analogous to situations where patentees seek investment.  For example, in *Corning Inc. v. SRU Biosystems, LLC*, plaintiff sought documents disclosed by defendant to past potential third-party acquirers.  The Court found these documents were not protected by common interest, as the defendant had not "provided proof sufficient to establish that, at the time of their negotiations," the defendant and third-party investor, "shared identical legal interests in the subject opinions of counsel."  223 F.R.D. 189, 190 (D. Del. 2004).  Instead, the Court found the negotiations "were made not in an effort to formulate a joint defense but rather to persuade [third-party] to invest in [defendant]."  *Id*.

Hon. Mary Pat Thynge
November 9, 2022
Page 5

Respectfully,

*Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc: All Counsel of Record (via CM/ECF)

<u>**CERTIFICATE OF SERVICE**</u>

On this 9th day of November 2022, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

<u>**BY ELECTRONIC MAIL**</u>
Blake A. Bennett
Cooch and Taylor, P.A.
The Nemours Building
1007 N. Orange Street
Suite 1120
Wilmington, DE 19801

<u>**BY ELECTRONIC MAIL**</u>
Dennis D. Murrell
Robert J. Theuerkauf
Brian P. McGraw
Megan E. Gibson
Middleton Reutlinger
401 S. Fourth Street, Suite 2600
Louisville, KY 40202-3410

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)