## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WAYDOO USA, INC and SHENZHEN<br>WAYDOO INTELLIGENCE TECHNOLOGY<br>CO., LTD.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No.: 21-091-RGA-MPT

**REDACTED PUBLIC VERSION**

### EXHIBITS 1-4 TO THE NOVEMBER 9, 2022 LETTER TO THE
### HONORABLE MARY PAT THYNGE FROM KELLY E. FARNAN

OF COUNSEL:

Edgar H. Haug
Robert E. Colletti
Mark Basanta
Roman Khasidov
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
212-588-0800

Dated:  November 9, 2022

RICHARDS, LAYTON & FINGER, P.A.
Kelly E. Farnan (#4395)
Dorronda R. Bordley (#6642)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
bordley@rlf.com

*Attorneys for Defendants*

# EXHIBIT 1

**Excerpted Plaintiff's Responses to Defendants' First Set of Requests for Production of Documents and Things**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>WAYDOO USA, INC. and SHENZHEN<br>WAYDOO INTELLIGENCE TECHNOLOGY<br>CO., LTD,<br><br>    Defendant. | C.A.  No. 21-0091-RGA |

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST
## SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-55)

Plaintiff MHL Custom, Inc. ("MHL" or "Plaintiff"), by and through counsel, pursuant to

Rules 26 and 34 of the Federal Rules of Civil Procedure, for its Responses to the First Set of

Requests for Production of Documents and Things ("Requests") of Defendants Waydoo USA, Inc.

and Shenzhen Waydoo Intelligence Technology Co., Ltd. (collectively, "Defendants" or "Waydoo"),

states as follows:

## GENERAL OBJECTIONS AND RESPONSES

1.  Plaintiff has not completed discovery in this action.  As discovery and other trial

preparation proceeds, additional facts, information, and documents may be identified or discovered

that are not set forth in these responses, but which may be responsive to the Requests.  The

following responses are based on Plaintiff's knowledge, information, and belief at this time.

2.  Defendants' Requests are categorically overly broad, designed to place an undue

burden on Plaintiff, not tailored to the discovery of relevant information, and not proportional to

the needs of the case.  Plaintiff is still in the process of collecting, evaluating, reviewing and

waiver of the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent they exist.

**Document Request No. 15**

All Documents and Things concerning any assessment of potential infringement of any Patent in Suit or any Related Patent by Avante, including any analysis, testing, reverse engineering, or comparison of any claim of a Patent in Suit or a Related Patent to any of Waydoo's or any third party's Products or processes.

**Response:**

Plaintiff objects to this Request because it seeks documents protected from disclosure by the attorney-client privilege and work product doctrine. Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, because it seeks "all" documents related to broad subject matter that is squarely privileged. Subject to and without waiver of the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, to the extent they exist.

██████████████████

         ████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

**Response:**

Plaintiff objects to this Request as overly broad and not proportional to the needs of the case. Plaintiff further objects to the phrase "concerning any Communications" as overly broad,

12

vague, ambiguous and confusing.  Plaintiff further objects to this Request as duplicative and cumulative of previous Requests.  Subject to and without waiver of the foregoing objections, Plaintiff will produce non-privileged communications responsive to this Request, to the extent they exist and to the extent Plaintiff understands this Request.

**Document Request No. 17**

All Documents and Things concerning any Communications between You (including Your counsel) or any Predecessor in Interest and any inventor(s) of the Patent in Suit.

**Response:**

Plaintiff objects to the phrase "concerning any Communications" as overly broad, vague, ambiguous and confusing.  Plaintiff further objects to this Request as overly broad and not proportional to the needs of the case because it seeks "all" communications without reference to subject matter, including without any attempt to tailor the Request to the discovery of relevant documents or relevant subject matter.  Subject to and without waiver of the foregoing objections, Plaintiff will produce non-privileged communications with the inventor of the Patents in Suit that are related in any way to the subject matter of the claims and defenses at issue in this case, to the extent they exist.

**Document Request No. 18**

All Documents and Things concerning the Accused Products.

**Response:**

Plaintiff objects to this Request as seeking documents protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiver of the

related to a Patent in Suit, any Related Patent, or any of their subject matter, including Documents constituting any such agreement and Documents concerning the related drafts, term sheets, negotiations, discussions, correspondence, valuations, and analyses, including those agreements or prospective agreements involving Jacob W. Langelaan, Avante, Fliteboard Pty Ltd., or any other individuals or organizations.

**Response**:

Plaintiff objects to this Request as duplicative of numerous prior Requests.  Plaintiff further objects to this Request as overly broad and not proportional to the needs of the case because "all" documents "concerning" the subject matter of this Request are not relevant.  Plaintiff further objects to this Request because it seeks documents protected from disclosure by the attorney-client privilege or work product doctrine.  Subject to and without waiver of the foregoing objections, Plaintiff will produce any agreements related to the Patents in Suit or any Related Patent, and any communications with third parties regarding such agreement or any prospective agreement, to the extent they exist.

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■

**Response**:

Plaintiff objects to this Request as overly broad and not proportional to the needs of the case because it is not tailored to relevant subject matter or the discovery or relevant documents. Plaintiff further specifically objects to the portion of this Request seeking documents "concerning" "the outcome of this action," as seeking wholly irrelevant documents.  Plaintiff further objects to

17

the phrase "concerning any financial interest" as vague, ambiguous and confusing.  Subject to and without waiver of the foregoing objections, Plaintiff will produce any agreements reflecting any financial interest that any person has held in any Patent in Suit or any Related Patent, to the extent they exist.

**Document Request No. 26**

All Documents and Things concerning any market analysis or projections for any market that includes any of the Alleged Embodiments, including competitor and market share analyses.

**Response:**

Plaintiff objects to this Request as overly broad and not proportional to the needs of the case because "all" documents "concerning" this subject matter are not relevant.  Subject to and without waiver of the foregoing objections, Plaintiff will produce any documents containing any market analysis or projections for any market that includes any of the Alleged Embodiments, to the extent they exist.

**Document Request No. 27**

All Documents and Things concerning any analysis, evaluation, or discussion of potential damages resulting from any alleged or potential infringement of any Patent in Suit or any Related Patent by Defendants or any third party, including Avante.

**Response:**

Plaintiff objects to this Request because it seeks documents protected from disclosure by the attorney-client privilege and work product doctrine.  Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks

Dated:  September 20, 2021.

Respectfully submitted,

*/s/ Daniel W. Redding*
Dennis D. Murrell (KY 84017, *pro hac vice*)
dmurrell@middletonlaw.com
Robert J. Theuerkauf (KY 89068, *pro hac vice*)
rjt@middletonlaw.com
Daniel W. Redding (KY 93234, *pro hac vice*)
dredding@middletonlaw.com
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202-3410
Telephone: (502) 584-1135
Facsimile: (502) 561-0442

Blake A. Bennett
bbennett@coochtaylor.com
COOCH AND TAYLOR, P.A.
The Nemours Building
1007 N. Orange Street, Suite 1120
Wilmington, DE 19899
Telephone: (302) 984-3889

*Attorneys for Plaintiff/Counter Defendant,*
*MHL Custom, Inc.*

## CERTIFICATE

The undersigned certifies that the foregoing was served on the 20th of September, 2021 on counsel of record by email at the following:

Kelly E. Farnan (#4395)
Dorronda R. Bordley (#6642)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
farnan@rlf.com
bordley@rlf.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)

34

Roman Khasidov (*pro hac vice*)
Haug Partners LLP
745 Fifth Avenue
New York, NY 10151
ehaug@haugpartners.com
rcolletti@haugpartners.com
rkhasidov@haugpartners.com

*Attorneys for Defendant Waydoo USA, Inc.*
*And Defendant/Counter Plaintiff*
*Shenzhen Waydoo Intelligence Technology Co., Ltd.*

*/s/ Daniel W. Redding*
*Attorneys for Plaintiff/Counter Defendant,*
*MHL Custom, Inc.*

35

# EXHIBIT 2

**MHL_0006172-6177 (highlighted)**
**MHL_0046631-46632 (highlighted)**
**MHL_0052653-52654 (highlighted)**

Message

| | |
|---|---|
| **From**: | David Trewern [david@fliteboard.com] |
| on behalf of | David Trewern <david@fliteboard.com> [david@fliteboard.com] |
| **Sent**: | 10/31/2018 7:50:16 PM |
| **To**: | nick liftfoils.com [nick@liftfoils.com] |
| **Subject**: | Re: Patent term sheet |



DT

------------------------------------

**David Trewern**
Founder & CEO

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

MHL_0006172

6/64 Centennial Circuit
Byron Bay NSW 2481
Australia

M +61 412 405 324
fliteboard.com

On 1 Nov 2018, at 2:48 am, nick liftfoils.com <nick@liftfoils.com> wrote:



Over to you guys.

Nick Leason
nick@liftfoils.com
787 396 4895 cell
787 609 6198 shop

On Oct 31, 2018, at 2:28 AM, David Trewern <david@fliteboard.com> wrote:

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Hey Nick,



DT

------------------------------------
**David Trewern**
Founder & CEO

.

<Screen Shot 2017-10-16 at 10.41.29 am.png>

6/64 Centennial Circuit
Byron Bay NSW 2481
Australia

M +61 412 405 324
fliteboard.com

On 31 Oct 2018, at 2:32 pm, nick liftfoils.com <nick@liftfoils.com> wrote:



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Nick Leason
nick@liftfoils.com
787 396 4895 cell
787 609 6198 shop



-----------------------------------
**David Trewern**
Founder & CEO


<Screen Shot 2017-10-16 at 10.41.29 am.png>




6/64 Centennial Circuit
Byron Bay NSW 2481
Australia

M +61 412 405 324
fliteboard.com

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                    MHL_0006175

On 20 Oct 2018, at 8:42 am, nick liftfoils.com
<nick@liftfoils.com> wrote:



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Cheers

DT

----------------------------

--------

**David Trewern**
Founder & CEO


\<Screen Shot 2017-
10-16 at 10.41.29
am.png\>




6/64 Centennial
Circuit
Byron Bay NSW
2481
Australia

M +61 412 405 324
fliteboard.com

Message

| | |
|---|---|
| **From**: | Nick - Lift Foils [nick@liftfoils.com] |
| on behalf of | Nick - Lift Foils <nick@liftfoils.com> [nick@liftfoils.com] |
| **Sent**: | 7/1/2020 3:06:45 PM |
| **To**: | David Trewern [david@fliteboard.com] |
| **BCC**: | Steward Wagner [stew@liftfoils.com] |
| **Subject**: | Re: G'Day |



Nick

On Jul 1, 2020, at 3:37 AM, David Trewern <david@fliteboard.com> wrote:

Let me know if you have any interest to discuss further.

Cheers

DT
-------------------------------------
David Trewern
Founder & CEO


<Flite.png>



+61 0412405324
fliteboard.com
instagram.com/fliteboard/
facebook.com/Fliteboard/

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                    MHL_0046632

Message
_____

| | |
|---|---|
| **From:** | Nick - Lift Foils [nick@liftfoils.com] |
| **on behalf of** | Nick - Lift Foils <nick@liftfoils.com> [nick@liftfoils.com] |
| **Sent:** | 6/29/2018 2:40:08 PM |
| **To:** | Jerry Szilagyi [jerry@abbingtoncapital.com] |
| **CC:** | Michael Leason [leasonpr@aol.com] |
| **Subject:** | Re: Fliteboard also commented on Geoff Green's review of Fliteboard. |



Nick Leason
Lift Foils
787.609.6198 shop
787.396.4895 cell
nick@liftfoils.com

On Jun 29, 2018, at 8:32 AM, Jerry Szilagyi <jerry@abbingtoncapital.com> wrote:



Jerry

----- Forwarded Message -----
**From:** Facebook <update+zj4yc_ft4yyy@facebookmail.com>
**To:** Jerry Szilagyi <jerry@abbingtoncapital.com>
**Sent:** Friday, June 29, 2018 7:17 AM
**Subject:** Fliteboard also commented on Geoff Green's review of Fliteboard.

 **Facebook**

Fliteboard also commented on Geoff Green's review of Fliteboard.



**Fliteboard**
June 29 at 7:17 AM

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



☷ Like    ☷ Comment

**View on Facebook**

Reply to this email to comment on this post.

This message was sent to jerry@abbingtoncapital.com. If you don't want to receive these emails from Facebook in the future, please unsubscribe.
Facebook, Inc., Attention: Community Support, 1 Facebook Way, Menlo Park, CA 94025

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 3

**Excerpted Deposition Transcripts of:**
**Nicholas Leason (July 8, 2022)**
**Brent Farese (July 20, 2022)**

Page 1

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE DISTRICT OF DELAWARE

3     - - - - - - - - - - - - - - - - - -x

4    MHL CUSTOM, INC.,

5                      Plaintiff,

6                  C.A. No.: 21-091-RGA-MPT

7          -against-

8    WAYDOO USA, INC and SHENZHEN WAYDOO

     INTELLIGENCE TECHNOLOGY CO., LTD.,

9

                     Defendants.

10

     - - - - - - - - - - - - - - - - - -x

11

                     July 8, 2022

12                   9:02 a.m. (EST)

13

14        *** HIGHLY CONFIDENTIAL ***

15     *** FOR ATTORNEYS' EYES ONLY ***

16

17    Video recorded DEPOSITION of Nicholas

18   Leason, the Plaintiff in the

19   above-entitled action, held at the above

20   time and place, taken before Garry J.

21   Torres a Stenographer and Notary Public of

22   the State of New York, pursuant to the

23   Federal Rules of Civil Procedure, Notice

24   and stipulations between Counsel.

25             *     *     *

Page 2

1  APPEARANCES:
2
   MIDDLETON REUTLINGER
3     Attorney for Plaintiff
      MHL CUSTOM, INC.
4     401 South Fourth Street
      Suite 2600
5     Louisville, Kentucky 40202
      TEL: Not provided
6     EMAIL: rjt@middletonlaw.com
7  BY:  ROBERT THEUERKAUF, ESQ.
8
9  HAUG PARTNERS
      Attorney for Defendants
10    WAYDOO USA, INC and SHENZHEN
      WAYDOO INTELLIGENCE TECHNOLOGY
11    CO., LTD.
      745 5th Avenue, 10th Floor
12    New York, New York 10151
      TEL: (212) 588-0800
13    EMAIL: rcolletti@haugpartners.com
14 BY:  ROBERT COLLETTI, ESQ.
      CAROLINE DEBONIS, ESQ.
15
16
   ALSO APPEARING:
17
      BRAD THOMPSON, VIDEOGRAPHER
18
         *   *   *
19
20
21
22
23
24
25

Page 3

1        STIPULATIONS
2     IT IS HEREBY STIPULATED AND AGREED, by
3  and among counsel for the respective
4  parties hereto, that the filing, sealing
5  and certification of the within deposition
6  shall be and the same are hereby waived;
7     IT IS FURTHER STIPULATED AND AGREED
8  that all objections, except as to form of
9  the question, shall be reserved to the
10 time of the trial;
11    IT IS FURTHER STIPULATED AND AGREED
12 that the within deposition may be signed
13 before any Notary Public with the same
14 force and effect as if signed and sworn to
15 before the Court.
16       *   *   *
17
18
19
20
21
22
23
24
25

Page 4

1        THE VIDEOGRAPHER:  Good morning.
2  We're going on the record.  The time
3  is 9:02 a.m. on July 8, 2022.  Please
4  note that this deposition is being
5  conducted virtually.  Quality of
6  recording depends on the quality of
7  camera and Internet connection of the
8  participants.  What is seen from the
9  witness and heard on the screen is
10 what will be recorded.  Audio and
11 recording will continue to take place
12 until all parties agree to go off the
13 record.
14       This is media unit one of the
15 video recorded deposition of Nick
16 Leason taken by counsel for Plaintiff
17 in the matter of MHL Custom, Inc., v.
18 Waydoo USA, Inc. in the United States
19 District Court -- sorry -- filed in
20 the United States District Court for
21 the District of Delaware, case number
22 docket number is 21-091-RGA-MPT.
23       My name is Brad Thompson.  I'm
24 representing Veritext, and I am the
25 videographer.  The court reporter is

Page 5

1  Garry J. Torres from the firm Veritext
2  as well.  This deposition is being
3  conducted remotely using virtual
4  technology.
5        I am not related to any party in
6  this action, nor am I financially
7  interested in the outcome.  If there
8  are any objections to proceeding,
9  please state them at the time of your
10 appearance.  Counsel and all present
11 including remotely will now state
12 their appearances and affiliations for
13 the record beginning with the noticing
14 attorney.
15       MR. COLLETTI:  My name is Rob
16 Colletti.  I'm an Attorney with Haug
17 Partners in New York, and I am
18 representing the Waydoo Defendants.
19       MR. THEURKAUF:  This is Robert
20 Theurkauf with Middleton Reutlinger in
21 Louisville, Kentucky, representing the
22 Plaintiff, MHL Custom, Inc.
23       THE WITNESS:  I am Nicholas
24 Leason.  I'm one of the founders of
25 MHL Custom.

2 (Pages 2 - 5)



Page 126

1 is a document bearing production Numbers
2 MHL 72995 through 3000.
3          Do you recognize Exhibit 66?
4    A.   Here it is.  I'm loading it.
5 Design from manufacturing, DFM, NICE Rapid
6 China.  We have many of these.
7          Let's see.  Yeah, I know what
8 this is.
9    Q.   What is this?
10    A.   It's basically a basic design
11 for manufacturing review on a gasket that
12 we use in our eFoil assembly.
13    Q.   Okay.  So is this a manufacturer
14 or a supplier that you've worked with with
15 regard to the eFoil?
16    A.   This is a manufacturer/supplier
17 for mostly injection-molded components.
18    Q.   Injection-molded components for
19 the eFoil product?
20    A.   Yes.
21          (Pause in proceedings.)

Page 127

Page 128

Page 129

25    Q.   Let me just show you the -- let

33 (Pages 126 - 129)

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
                                               Page 1

 1   IN THE UNITED STATES DISTRICT COURT
 2   FOR THE DISTRICT OF DELAWARE
 3   - - - - - - - - - - - - - - - - - -x
 4   MHL CUSTOM, INC.,
 5                    Plaintiff,
 6               C.A. No.: 21-091-RGA-MPT
 7       -against-
 8   WAYDOO USA, INC and SHENZHEN WAYDOO
     INTELLIGENCE TECHNOLOGY CO., LTD.,
 9
                     Defendants.
10
     - - - - - - - - - - - - - - - - - -x
11
                     July 20, 2022
12                   10:09 a.m. (EST)
13
14         *** HIGHLY CONFIDENTIAL ***
15        *** FOR ATTORNEYS' EYES ONLY ***
16
17     Video recorded DEPOSITION of Brent
18   Farese, the Non-Party Witness in the
19   above-entitled action, held at the above
20   time and place, taken before Garry J.
21   Torres a Stenographer and Notary Public of
22   the State of New York, pursuant to the
23   Federal Rules of Civil Procedure, Notice
24   and stipulations between Counsel.
25               *     *     *
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 2

1 APPEARANCES:
2
    MIDDLETON REUTLINGER
3       Attorneys for Plaintiff
        MHL CUSTOM, INC.
4    401 South Fourth Street
    Suite 2600
5    Louisville, Kentucky 40202
    TEL: Not provided
6    EMAIL: dmurrell@middletonlaw.com
7 BY: DENNIS MURRELL, ESQ.
    MEGAN GIBSON, ESQ.
8
9
    HAUG PARTNERS
10      Attorney for Defendants
        WAYDOO USA, INC and SHENZHEN
11       WAYDOO INTELLIGENCE TECHNOLOGY
        CO., LTD.
12    745 5th Avenue, 10th Floor
    New York, New York 10151
13    TEL: (212) 588-0800
    EMAIL: rcolletti@haugpartners.com
14
15 BY: ROBERT COLLETTI, ESQ.
    CAROLINE DEBONIS, ESQ.
16
17 ALSO APPEARING:
18    PHIL GLAUBERSON, VIDEOGRAPHER
19        *   *   *
20
21
22
23
24
25

Page 3

1        STIPULATIONS
2    IT IS HEREBY STIPULATED AND AGREED, by
3 and among counsel for the respective
4 parties hereto, that the filing, sealing
5 and certification of the within deposition
6 shall be and the same are hereby waived;
7    IT IS FURTHER STIPULATED AND AGREED
8 that all objections, except as to form of
9 the question, shall be reserved to the
10 time of the trial;
11    IT IS FURTHER STIPULATED AND AGREED
12 that the within deposition may be signed
13 before any Notary Public with the same
14 force and effect as if signed and sworn to
15 before the Court.
16        *   *   *
17
18
19
20
21
22
23
24
25

Page 4

1        THE VIDEOGRAPHER:  Good morning.
2 We are going on the record at
3 10:09 a.m., Eastern time, on July 20,
4 2022.  Please note that this
5 deposition is being conducted
6 virtually.  Quality of recording
7 depends on the quality of camera and
8 Internet connection of participants.
9 What is seen from the witness and
10 heard on screen is what will be
11 recorded.  Audio and video recording
12 will continue to take place unless all
13 parties agree to go off the record.
14        This is media unit one of the
15 video-recorded deposition of Brent
16 Farese in the matter of MHL Custom,
17 Inc., v. Waydoo U.S.A., Inc., et al.,
18 filed in the United States district
19 court for the district of
20 Delaware 21091RGAMPT.  This deposition
21 is being conducted remotely using
22 virtual technology.
23        My name is Phil Glauberson
24 representing Veritext, and I am the
25 videographer.  The court reporter is

Page 5

1 Garry Torres from Veritext.  I am not
2 authorized to administer an oath.  I
3 am not related to any party in this
4 action, nor am I financially
5 interested in the outcome.  If there
6 are any objections to proceeding,
7 please state them at the time of your
8 appearance.
9        Counsel and all present
10 including remotely will now state
11 their appearances and affiliations for
12 the record, beginning with the
13 noticing attorney.
14        MR. COLLETTI:  Rob Colletti.
15 I'm with the firm of Haug Partners.
16 I'm representing the Waydoo
17 Defendants, and I am here today in New
18 York with my colleague, Carol DeBonis.
19        MR. MURRELL:  Dennis Murrell and
20 Megan Gibson here, representing the
21 plaintiff.
22 B R E N T   F A R E S E,
23    having first been duly sworn by
24    Garry J. Torres, the Notary
25    Public, was examined and

2 (Pages 2 - 5)

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 90

1      MR. MURRELL:  Whether they did
2  or didn't is a question of privilege.
3  You're asking him:  Did he communicate
4  something about a infringement to his
5  client?
6      MR. COLLETTI:  It would be
7  something that he would put on a
8  privilege log whether it exists or
9  not.
10      MR. MURRELL:  If there's
11  privilege logs between the parties --
12  I presume there are -- and you've got
13  specific documents you want to take up
14  you can, but --
15      MR. COLLETTI:  There is no
16  privilege log.
17      MR. MURRELL:  -- question, I'm
18  going to instruct him not answer.
19      MR. COLLETTI:  Have you
20  submitted a privilege log, Dennis, on
21  behalf MHL?
22      MR. MURRELL:  I'm not daily
23  involved in the litigation.  You know
24  that.  I don't know the answer to that
25  question, but I'm instructing not to

Page 91

1  answer the question.
2      Q.   Did the scope of your
3  representation include issuing formal
4  legal opinions whether for infringement or
5  validity of the Langland patents?
6      MR. MURRELL:  Again, I instruct
7  you not to answer that question unless
8  they've been shared with a third
9  party.
10      THE WITNESS:  Okay.
11      A.   I decline to answer then.
12      Q.   So you're unable to answer that
13  question based on privilege?
14      A.   I'm following Dennis's
15  objections.
16      Q.   And as such, you're unable to
17  answer the question based on privilege,
18  correct?
19      A.   Yes.
20      Q.   So are you able to answer
21  whether or not you've issued any legal
22  opinions -- formal legal opinions for MHL?
23      MR. MURRELL:  Again, unless
24  answering that question -- you can
25  answer that question about something

Page 92

1  that's been disclosed to a third party
2  I instruct you not answer that
3  question.
4      A.   Okay.
5      Q.   So you're unable to answer that
6  question because of privilege?
7      A.   I've disclosed -- or to my
8  knowledge we've disclosed no legal
9  opinions to third parties.
10      Q.   Okay.  My question's different.
11  I'm asking whether they exist, and if the
12  objection is don't answer that then I want
13  that to be of record.
14      A.   Okay.
15      MR. MURRELL:  That is the
16  instruction since he said he's not
17  aware of anything that would have been
18  disclosed to a third party, I'm
19  instructing him not to answer the
20  question.
21      MR. COLLETTI:  So even the
22  existence of whether they exist,
23  you're saying that's privileged?
24      MR. MURRELL:  Yes, I am.
25      Q.   Okay.  And you're following your

Page 93

1  attorney's instruction, correct,
2  Mr. Farese?
3      A.   Yeah, that's right.

24 (Pages 90 - 93)

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 94

4    Q.   Do you know who sought it from
5  MHL?
6         MR. MURRELL:  If to answer that
7    question is only based upon
8    communications with your client I
9    would instruct you not to answer.
10   A.   I'll decline to answer then.
11   Q.   Are you aware of any product
12  liability lawsuits concerning eFoils that
13  have been filed against MHL?
14   A.   No, I'm not aware of product
15  liability lawsuits.  No, I'm not --
16   Q.   Were you aware of any lawsuits
17  that have been filed against MHL?
18        MR. MURRELL:  And again, when
19    you answer that question, if you know
20    any -- I don't know if you do or
21    not -- but if you know of any only
22    because of discussions with your
23    client as opposed to seeing public
24    filings or having communications with
25    third parties I would instruct you not

Page 95

1    to answer.
2    A.   The only lawsuit I know of is
3  this one.
4    Q.   Okay.  Are you saying you can't
5  otherwise answer because of privilege?
6    A.   I'm telling you that I don't
7  know of any other lawsuits that are
8  ongoing right now besides this one.
9    Q.   Okay.  Let me just follow up
10  again because you're not answering my
11  question as to whether or not you're
12  answering in that way because you believe
13  there's a privilege.
14        So are you saying you're unable
15  to answer my question because you're
16  relying on a privileged conversation?
17   A.   No.  I'm telling you to my
18  knowledge I know of no other lawsuit.
19  There may be a lawsuit going on that I
20  have no personal knowledge of.
21   Q.   Okay.  Even though you sit on
22  the board of the company of MHL?
23   A.   I don't think that there's of --
24  yeah, I don't know of any other lawsuit.
25   Q.   Do you know when MHL started

Page 96

1  marking their eFoils with their -- with
2  the Langland patent numbers?
3         MR. MURRELL:  And --
4    A.   The date?  No.
5    Q.   Do you know if they've done it?
6    A.   It -- they have patent marking
7  on their website.
8    Q.   Okay.  And do you know when they
9  put that patent marking on their website?
10   A.   I don't know when it went up on
11  the website, the date.
12   Q.   Do you recall sending them an
13  email telling them that they needed to put
14  it up on their website?
15        MR. MURRELL:  Wait a minute.
16    You're asking him if he sent an email
17    to his client, MHL, about when they
18    needed to put it on the website, is
19    that the question?
20        MR. COLLETTI:  That's right.
21        MR. MURRELL:  I would instruct
22    you not answer that question.
23        MR. COLLETTI:  Okay.  Let me
24    show you an exhibit.  I'll mark it as
25    Exhibit 111.  It bears production

Page 97

1    Numbers MHL1309 though 1311.
2    A.   Which exhibit am I looking at?
3  111?
4    Q.   Yeah --
5    A.   Okay.
6    Q.   Yep.  Got it?
7    A.   111 just came up to me, yeah.
8    Q.   Do you see the bottom of the
9  first page there's an email that you wrote
10  on or about November 1st, 2019?
11   A.   The bottom of the first page,
12  November 1st, 2019, Seth Hammer -- or
13  wait.  On Friday, November 1st, this one?
14   Q.   Correct.  It says, Brent Farese
15  wrote?
16   A.   Yeah, I see on Friday,
17  November 1st at 1:03 p.m., Brent Farese at
18  Lift Foils wrote.  Okay.
19   Q.   That's an email that you sent on
20  November 1st, 2019, correct?
21   A.   Looks to be, yes.
22   Q.   And what was the purpose of
23  sending this email?
24        MR. MURRELL:  If you need to
25    take a second to look at all the

25 (Pages 94 - 97)

# EXHIBIT 4
**MHL_0102313-102315**

B0408NAC054920



# Lloyd's Certificate



B0408NAC054920



**Intellectual Property Infringement Enforcement Cost Reimbursement**

INSURANCE as described below

Effected with certain Underwriters at Lloyd's, (the "Company") **through**

Lloyd's Approved Coverholder ("the Coverholder"):

**Intellectual Property Insurance Services Corporation**

**9720 Bunsen Parkway, Louisville, KY 40299**

**UNITED STATES OF AMERICA**

| **DECLARATIONS** | **POLICY NO:** |
|---|---|

This insurance contract is with an insurer not licensed to transact insurance in this state and is issued and delivered as surplus line coverage under the Texas Insurance Statutes. The Texas Department of Insurance does not audit the finances or review the solvency of the surplus lines insurer providing this coverage, and the insurer is not a member of the property and casualty insurance guaranty association created under Chapter 462, Insurance Code. Chapter 225, Insurance Code, requires payment of a 4.85% tax on gross premium.

**Item 1.    Named Insured's NAME AND ADDRESS          INSURED'S AGENT AND ADDRESS**

HIGHLY CONFIDENTIAL

MHL_0102314

B0408NAC054920





HIGHLY CONFIDENTIAL

MHL_0102315