IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC., | : |
|     Plaintiff, | : |
| v. | :    Civil Action No. 21-0091-RGA |
| WAYDOO USA, INC. and SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD, | : |
|     Defendants. | : |

**MEMORANDUM ORDER**

As part of the case dispositive motion briefing, both sides submitted various *Daubert* motions. (D.I. 74, 75, 76, 81).

The motion as to Defendants' computer/internet expert, Mark Lanterman (D.I. 74) is DENIED. His qualifications are not challenged. Rather, Plaintiff essentially challenges the correctness of his conclusions about the indexing of the EVOLO report and how easily the report could be found, calling the conclusions unreliable. Lanterman sufficiently explains the basis for his conclusions. What remains is simply the question of whether he got it right, which is not a basis to exclude.

The motion as to Defendants' damages expert, Philip Kline (D.I. 75) is DENIED. Plaintiff mostly bases its challenge on his qualifications to give opinions relating to competition and consumer demand in the relevant market. (D.I. 80 at 11). Defendants respond with citations to Kline's resume. (D.I. 93 at 8; *see* D.I. 85-1 at 1009 of 1039). Kline has an economics degree and works for an economics consulting firm. He has experience in patent valuation. He is sufficiently qualified to render the challenged opinions. There is a secondary challenge that he

factors in Defendants' expected (lack of) profits to his reasonable royalty opinion. Profits, or lack thereof, would be a consideration at the hypothetical negotiation, so Plaintiff's challenge is without merit.

The motion as to Defendants' technical expert, Dr. Michael Triantafyllou (D.I. 76) is DENIED. I expect at trial his testimony will follow the rules that he cannot combine multiple pieces of prior art to make an anticipation argument. The criticism that he contradicts himself is grounds for cross-examination, not exclusion. The criticism that he opines on the intent of individuals involved with the EVOLO report is not a significant *Daubert* challenge, and the briefing (D.I. 80 at 8, 18-19) is too cursory to even show whether he does this. It appears the statements are based on science, not mind reading. And, if I am wrong, Plaintiff can object at trial if Plaintiff thinks certain testimony is improper under the evidentiary rules. The argument that Dr. Triantafyllou should not be allowed to give legal conclusions that a claim is obvious or indefinite is simply an evidentiary objection. I note that such conclusions are routinely given in patent cases because they can be helpful to the jury.

Defendants' motions (D.I. 81) are GRANTED in part and DENIED in part.

Defendants challenge Plaintiff's technical expert on multiple issues. A number of them are connected to a claim construction dispute, which I am separately resolving. I expect Mr. Barry to testify consistent with that resolution.[1] There are a number of places where Defendants state that Mr. Barry makes errors or is confused. Even experts make errors; the truth of whether such is the case should be resolved through some combination of opposing expert testimony and cross-examination. If Defendants show errors, it will cut into Mr. Barry's credibility. Mr. Barry,

---

[1] The parties should meet and confer on this. If there are any issues that the parties cannot resolve, the parties should submit a letter identifying the dispute and proposing a resolution.

who is a technical expert, has no qualifications to testify about economic issues. Mr. Barry's opinions about commercial success are excluded.

Defendants challenge Plaintiff's damages expert, Dr. Jeffery Stec, on various grounds. As to the Fliteboard license, the criticisms do not make his use of the license unreliable, and Dr. Stec has a plausible case for economic comparability. The Fliteboard license did not settle litigation. And, as I understand it, litigation could not even have been instituted at the time the Fliteboard license was negotiated. Defendants' argument about economic comparability is not really about economic comparability (i.e., length of license, exclusivity, territory, etc.). It is about whether the license should be evaluated on a royalty rate based on percentage of sales price or a royalty rate based on a dollar amount per sales unit. It is for the jury to decide how convincing Dr. Stec's analysis is. The second issue concerns Dr. Stec's use of non-final agreements (and the negotiations about them to date). A non-final agreement is not a license. Thus, it also cannot be a comparable license. Thus, as things stand, the Manta and MSLR negotiations and putative licenses are excluded.

IT IS SO ORDERED this 3rd day of February 2023.

_____
United States District Judge