**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MHL CUSTOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 21-091-RGA-MPT |
| v. | ) | |
| | ) | |
| WAYDOO USA, INC. and SHENZHEN | ) | |
| WAYDOO INTELLIGENCE | ) | |
| TECHNOLOGY CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBITS 1-5 TO DEFENDANTS' MOTIONS *IN LIMINE*

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EVONIK DEGUSSA GMBH,

                Plaintiff and
                Counterclaim Defendant

     v.

MATERIA, INC.,

                Defendant and
                Counterclaim Plaintiff

Civil Action No. 09-636-NLH-JS

AND

Civil Action No. 10-200-NLH-JS


## <u>ORDER</u>

Evonik's Motion *in Limine* Number 12 to exclude certain evidence is hereby

**GRANTED IN PART AND DENIED IN PART.**  No party, witness, or attorney shall use the

fact of any person's or corporation's nationality in an inflammatory or prejudicial manner.

Any party, witness or attorney may refer to a person's or corporation's nationality as a neutral

statement of fact.


    **SO ORDERED** this   6th   day of January, 2017.


                       *s/ Noel L. Hillman*
                       Honorable Noel L. Hillman
                       UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 2

**FILED UNDER SEAL**

# EXHIBIT 3

**FILED UNDER SEAL**

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| FINALROD IP, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:20-cv-00189-JRG-RSP |
| | § | |
| ENDURANCE LIFT SOLUTIONS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## <u>ORDER</u>

On October 18, 2021, the Court heard argument at the Pretrial Conference in the above-captioned case regarding motions *in limine* filed by Plaintiff Finalrod IP, LLC (Dkt. No. 122) and motions *in limine* filed by Defendant Endurance Lift Solutions, Inc. (Dkt. No. 121).

This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted or agreed. Accordingly, it is hereby **ORDERED** as follows:

**A.    Joint Notice Regarding Agreements of the Parties' Motions *in Limine* (Dkt. No. 137)**

On October 16, 2021, the parties submitted agreed motions *in limine*. This Order memorializes those agreements.

1. Finalrod **WITHDRAWS** motions *in limine* 3, 8, and 13.

2. <u>Agreed Plaintiff's MIL No. 1</u>: The parties stipulate to the exclusion *in limine* of any argument, testimony, evidence, or reference regarding discovery disputes and any prior rulings, in this case only, on any motions, including but not limited to motions for summary judgment, motions to dismiss, motions to strike evidence, motions *in limine*, or Daubert motions, with the exception of the Court's claim constructions. The Court should also preclude references, directly or indirectly, to each other's claim-construction positions in the presence of the jury and preclude mention of any portion of the Court's claim construction opinion, other than the actual definitions adopted by the Court, in the presence of the jury. Notwithstanding the above, the parties may refer to facts and evidence used or submitted in support or opposition of motions or claim constructions.

3. <u>Agreed Plaintiff's MIL No. 2</u>: The parties stipulate *in limine* to the exclusion of any argument, testimony or evidence referencing Endurance's counterclaim or defenses that the '625 patent is indefinite (including the fact that the claim construction ruling denied Endurance's motion relative to indefiniteness). In so agreeing, Endurance does not waive any rights of appeal, or any other rights relative to, the Court's rulings on indefiniteness.

4. <u>Agreed Plaintiff's MIL No. 5</u>: The parties stipulate to the exclusion *in limine* of any testimony, evidence, or argument during trial referencing any royalty sought by any party in any other litigation.

5. <u>Agreed Plaintiff's MIL No. 6</u>: The parties stipulate to the exclusion *in limine* of arguments or evidence that the accused Series 300 practices or does not practice claims 1-12 and 14 of the '625 patent.

6. <u>Agreed Plaintiff's MIL No. 9</u>: The parties stipulate to the exclusion *in limine* of any argument or supporting testimony, evidence that Endurance's patents or patent applications as being practiced by, or implemented in, Endurance's products is a defense to infringement.

7. <u>Agreed Plaintiff's MIL No. 10</u>: The parties stipulate to exclusion *in limine* of any argument, testimony, evidence, or reference to claims or products that have been dismissed, abandoned, or dropped by Finalrod in this case.

8. <u>Agreed Plaintiff's MIL No. 12</u>: The parties stipulate to exclude *in limine* any evidence or arguments that disparage the USPTO and its examiners.

9. <u>Agreed Plaintiff's MIL No. 14</u>: The parties stipulate *in limine* to the exclusion of any argument, testimony, evidence, or reference to the impact of a verdict. Endurance may not introduce evidence or testimony or argue, comment upon, insinuate, or refer to the possible consequences of a verdict in Fianlrod's favor, including an award of enhanced damages, an award of attorney's fees, or arguments that a verdict would result in (1) consumers paying more for sucker rods, (2) firings or layoffs, (3) undermining American economic competitiveness, or (4) other adverse economic consequences. However, nothing in this stipulation would prevent Endurance from presenting accurate evidence concerning pricing in the context of a damages analysis.

### B.    Plaintiff's Motions *in Limine* (Dkt. No. 122)

1. <u>Plaintiff's MIL No. 4</u>: Motion to exclude any argument, testimony, evidence, or reference regarding Finalrod's other litigation, or regarding unrelated patent infringement litigation.

The most compelling argument made by the Defendant for denying this MIL is that a somewhat similar case pending in the Western District of Texas ("WDTX case") may be relevant or probative on the issue of willfulness. In other words, whether the rulings in the WDTX case would have affected the Defendant's view of the likelihood of infringing the claims asserted in this case.

During the pretrial conference, the parties attempted to explain to the Court the procedural history of the WDTX case. It became clear that the parties cannot agree as to what exactly was the holding in the Western District case, what effect that the ruling had on the disposition of that case, and what, if any, implications flow from that earlier ruling with respect to willfulness. Further, it became clear that that jury would likely conflate the issues in this case with the issues and rulings in the WDTX case, particularly in view of the fact that the parties cannot agree on the most basic aspects of the WDTX case.

Additionally, any probative value about the WDTX case rulings is significantly limited due to the significant differences between this case and the WDTX case. Indeed, this case has no overlapping patents, significantly different specifications, different evidence, and different claim constructions. After balancing the minimal probative value, highly prejudicial nature of the evidence, and the high likelihood of confusion to the jury, the Court **GRANTS** this motion *in limine*. Fed. R. Evid. 403.

2. <u>Plaintiff's MIL No. 7</u>: Motion to exclude any use, for any purpose, of any prior art references not among Endurance's final elected references.

  This motion *in limine* is **GRANTED-IN-PART**. Testimony about unelected prior art may be elicited if it is relevant and otherwise admissible on issues such as the state of the art. That may include portions of earlier patents or other publications, however, these documents shall not be put into evidence as exhibits in the same manner as the allegedly invalidating elected prior art. To be clear, the Defendant shall not offer these unelected prior art references in the same manner as the elected prior art references, in order to avoid confusion to the jury and undue prejudice to Plaintiff.

3. <u>Plaintiff's MIL No. 11:</u> Motion to exclude any argument, testimony, evidence, or reference to prior judicial opinions in other matters, including Daubert exclusions or motions to strike.

  This motion *in limine* is **GRANTED**.

4. <u>Plaintiff's MIL No. 15</u>: Motion to exclude any argument, testimony, evidence, or reference to Finalrod's choice to file in the Eastern District of Texas.

  This motion *in limine* is **WITHRDRAWN** by Plaintiff.

5. <u>Plaintiff's MIL No. 16</u>: Motion to exclude any argument, testimony, evidence, or reference to Finalrod's counsel as being the prosecuting attorney for the '625 Patent.

  This motion *in limine* is **GRANTED**. Defendant shall not reference the fact that Plainitff's counsel was also the prosecuting counsel for the '625 Patent. The Court also cautions the Defendant from making inappropriate arguments about opposing counsel in front of the jury, such as the arguments made by Defendant in opposition to this motion in limine.

6. <u>Plaintiff's MIL No. 17</u>:  Motion to exclude any argument, testimony, evidence, or reference to any sale of a prior company by Russell Rutledge, including, but not limited to, that certain Asset Purchase Agreement executed in 2008 between Rutledge and John Crane.

This motion *in limine* is **GRANTED**. Defendant, however, may ask to approach the bench and seek leave if it contends Mr. Rutledge's testimony calls into question his credibility or truthfulness.

C.        **Defendants' Motion *in Limine* (Dkt. No. 121)**

1. <u>Defendant's MIL No. 1</u>: Motion to exclude opinion testimony of fact witness Russell Rutledge.

This motion *in limine* is **AGREED** with respect to whether the Series 300 products infringe the patent-in-suit or whether the patent-in-suit is applicable to the Series 300 products. The motion *in limine* is **GRANTED** as to whether Mr. Rutledge can determine the compressive forces using visual inspection or suggesting that a specific test is or is not required. The Plaintiff is not excluded from eliciting testimony about Mr. Rutledge's experiences in the field or how he does sucker rod testing.  The Court finds that any opinion testimony from Mr. Rutledge concerning this technology would not qualify as lay opinion testimony, and he has not been disclosed as an expert.

2. <u>Defendant's MIL No. 2</u>: Motion to exclude testimony of Finalrod as an operating entity.

This motion *in limine* is **GRANTED**.

**SIGNED this 23rd day of October, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

6

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | Case No. 2:15-cv-01366-JRG-RSP |
| APPLE INC., | § § | |
| *Defendant*. | § | |

**ORDER ON MOTIONS *IN LIMINE***

The Court heard argument at the Pretrial Conference in the above-captioned case on February 24, 2021, regarding motions *in limine* filed by Plaintiff Personalized Media Communications, LLC ("PMC"), (Dkt. No. 429) and Defendant Apple Inc. ("Apple"), (Dkt. No. 430). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

**A.  PMC's Motions *in Limine* (Dkt. No. 429)**

1.  Plaintiff's MIL No. 1: Motion to Exclude Prior Patents-in-Suit and Accused Instrumentalities and Post-Issuance Proceedings or Cases Involving Other PMC Patents.

A. Evidence or Reference to Prior Patents-in-Suit or Accused Instrumentalities

This motion *in limine* is **GRANTED** to the extent that the *fact* that other patents were asserted or other products were accused, and no longer are, shall not be referenced.

B. Evidence or Reference to IPR Proceedings for Non-Asserted PMC Patents

1

This motion *in limine* is **GRANTED**.

        C. Evidence or Reference to Other Cases Involving PMC

This motion *in limine* is **GRANTED** to the extent that there shall be no reference to other cases involving PMC including the *Zynga* verdict. This does not prohibit the necessary mention of other litigation underlying any settlement licenses used in the damages analysis.

    2. <u>Plaintiff's MIL No. 2</u>: Withdrawn by agreement.

    3. <u>Plaintiff's MIL No. 3</u>: Withdrawn by agreement.

    4. <u>Plaintiff's MIL No. 4</u>: Withdrawn. (Dkt. No. 353)

    5. <u>Plaintiff's MIL No. 5</u>: Motion to Exclude Opinions Submitted by Experts for Either Party in Prior Cases, and Any Prior Court's Admission or Exclusion of Such Opinions.

This motion *in limine* is **MOOT**.

    6. <u>Plaintiff's MIL No. 6</u>: **GRANTED** by agreement.

    7. <u>Plaintiff's MIL No. 7</u>: Motion to Exclude Evidence that Lacks Probative Value and Serves Only to Prejudice or Harass

        A. Personal Net Worth, Stock Distributions, Salaries, or Assets of Individual PMC Employees, Harvey Family Members, or the Harvey Family Trust

This motion *in limine* is **AGREED,** except that when such persons testify, they may be questioned, to establish bias, about the percentage of ownership (not the value) and any salary or income derived by the witness from the party.

        B. PMC's Motivation for Moving to and Incorporating in Texas

This motion *in limine* is **GRANTED,** but the Court may deem the door opened if Plaintiff overly burnishes its Texas roots.

        C. Tax Treatment of Licenses

This motion *in limine* is **GRANTED** as mutual by agreement.

        D. Any Reference or Argument Regarding the Potential Impact of a Jury Verdict in PMC's Favor on the Market for Apple's Products

This motion *in limine* is **GRANTED** by agreement.

        8. <u>Plaintiff's MIL No. 8</u>: Motion to Exclude Evidence, Testimony, or Expert Opinions Related to Apple's DRM Patents

This motion *in limine* is **GRANTED** except to the extent that the patents described in ¶¶ 159–165 of Dr. Wicker's Report are not excluded. The Court will consider, if necessary, a timely request for a limiting instruction restricting the use of testimony with respect to the above patents to apportionment of damages and not as evidence of non-infringement.

PMC's Motion *in Limine* No. 8 asks the Court to "preclude Apple or its witnesses, including without limitation Mr. Thomas, from introducing any evidence, proffering any testimony, or making any comments regarding Apple's patents related to the Accused Instrumentalities, including without limitation FairPlay or DRM." Dkt. No. 429 at 18. PMC argues that Apple's expert reports do not analyze these patents and discuss whether they are valid or practiced, and because they were not disclosed testimony regarding these patents should be excluded pursuant to Federal Rule of Evidence 403. *Id.*

Apple responded that Apple's DRM patents are relevant and probative because PMC asserts infringement under the doctrine of equivalents. Dkt. No. 438 at 15. Apple also argues that Apple's DRM patents are relevant and probative because PMC uses a damages methodology that necessitates value apportionment. *Id.*

"[F]or purposes of infringement under the doctrine of equivalents, the differences between the claimed device and the accused device must be insubstantial." *Zygo Corp. v. Wyko Corp.*, 79

F.3d 1563, 1570 (Fed. Cir. 1996) (citing *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 610 (1950)). "The nonobviousness of the accused device, evidenced by the grant of a United States patent, is relevant to the issue of whether the change therein is substantial." *Id.* (citing *Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112 (Fed. Cir. 1996) (Nies, J., Additional Views); *National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996) ("The fact of separate patentability is relevant, and is entitled to due weight.")).

Apple asserts that its technical expert, Dr. Wicker, opined that the "separate patentability" of the accused technology is evidence of noninfringement under the doctrine of equivalents. Dkt. No. 438 at 15–16 (citing Wicker Rpt., ¶¶ 151–58; 188–89). Apple further argued that Dr. Wicker identified a "significant number of patents on the accused technology" to support this opinion. *Id.* at 16 (citing Wicker Rpt., ¶¶ 157–58). Apple adds that Dr. Wicker analyzed several of those Apple patents in detail. *Id.* (citing Wicker Rpt., ¶¶ 159–66). Apple also asserts that other patents are specifically referenced in the documents on which PMC relies to assert infringement. *Id.* (citing *see*, *e.g.*, PTX15). Upon review of the Wicker Report, the Court finds that the patents described in ¶ 159–65 of the Wicker Report have been sufficiently disclosed.

*Georgia Pacific* Factor 13 considers the portion of the profit for the allegedly infringing device that should be credited to elements not related to the asserted patent. *G. Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Apple argues that Apple's damages expert apportioned PMC's alleged damages to account for patents that Apple has obtained on the DRM technology in its FairPlay system based on Dr. Wicker's analysis of those patents. Dkt. No. 438 at 16 (citing Dkt. No. 292 at 13–15; Dkt. No. 330 at 4–5; Dkt. No. 438-8; and Wicker Rpt., ¶¶ 188–89; 157–66).

At the pretrial conference, three groups of Apple patents were discussed. First, counsel for PMC mentioned the fifty Apple DRM patents that Apple's expert Mr. Thomas used to "divide[] the profitability of FairPlay by 53 (50 Apple DRM patents plus the three patents-in-suit)." Dkt. No. 275 at 18. This apportionment calculation, which was based on a conclusory assumption of equal value of the Apple DRM patents and the patents-in-suit, was the subject of a granted-in-part motion to strike. Dkt. No. 487 at 12–14. The Court's order struck ¶ 235, which contained this assertion of a 94% decrease in the damages calculation based on this conclusory assumption. The Court finds that most of these patents are not sufficiently disclosed and analyzed to provide a basis for an apportionment argument.

Of these fifty Apple DRM patents, one was discussed in some detail at the pretrial conference: the Crandall '563 Patent. Apple argues that this patent is disclosed in the primary architecture document for FairPlay and that Dr. Weaver cites to this FairPlay architecture document twenty to thirty times. However, Apple has not indicated where this patent was properly disclosed and analyzed in Dr. Wicker's Report. Accordingly, the Court finds that this patent is *not* sufficiently disclosed and analyzed to provide a basis for an apportionment argument.

Of these fifty Apple DRM patents, several are discussed in Dr. Wicker's Report from ¶¶ 159–165. Each paragraph names the patent and inventors, provides a statement of what the patent describes, and a statement that the issuance of this patent shows the USPTO considered it to be separately patentable and non-obvious as evidence that the patent is different from and not equivalent to the asserted patents. In ¶ 166, Dr. Wicker states that, "[o]ther patents describing the substantial differences between PMC's prior art techniques and Apple-invented security techniques are attached as Exhibit C. These all provide evidence that the accused technologies do

not operate in substantially the same way to perform the same function to achieve the same result." *Id.* at ¶ 166.  There is no sufficient analysis of those additional patents.

The Court finds that the patents in Dr. Wicker's Report ¶¶ 159–165 are sufficiently disclosed and analyzed to support an apportionment argument. This is a sufficient basis to deny PMC's Motion *in Limine* No. 8 with respect to these specific patents, which may be discussed by Dr. Wicker and Apple's engineering employees.

However, the Court finds that this disclosure cannot be used to argue noninfringement. The Court recognizes that "for purposes of infringement under the doctrine of equivalents, the differences between the claimed device and the accused device must be insubstantial." *See Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1570 (Fed. Cir. 1996) (citing *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 610 (1950)). This statement regards the differences between a claimed device and an accused device, not two separate patents.

Even proof of practice of Apple's patents does not prove lack of practice of the asserted patents. If the scope of claim coverage between any given asserted patent and defendant-owned patent is mutually exclusive, then an allegedly infringing device may practice one patent, the other patent, both patents, or neither. The practicing of one does not necessarily imply the nonpractice of the other. Thus it is improper to use even these properly disclosed patents for noninfringement arguments.

9. <u>Plaintiff's MIL No. 9</u>: Motion to Exclude Evidence, Testimony, or Argument Regarding Non-Elected Prior Art or Prior Art Subject to IPR Estoppel

This motion *in limine* is **GRANTED** to the extent that non-elected prior art cannot be shown to the jury as one would show exhibits or demonstratives, but it can be referenced in testimony or used for any purpose otherwise permitted.  Showing such documents to the jury in

the manner that elected prior art is shown may cause jurors to believe it is being offered as invalidating.  This leaves the plaintiff with the choice of using its limited time to demonstrate why that art does not meet the requirements of invalidating art, or not doing so and running the risk that the jury will believe the asserted patents are invalid.

10. <u>Plaintiff's MIL No. 10</u>: Withdrawn (Dkt. No. 353)

11. <u>Plaintiff's MIL No. 11</u>: Withdrawn (Dkt. No. 353)

12. <u>Plaintiff's MIL No. 12</u>: Mooted by other separate motions.

13. <u>Plaintiff's MIL No. 13</u>: Withdrawn

**B.  Apple's Motions *in Limine* (Dkt. No. 430)**

1. <u>Defendant's MIL No. 1</u>: Preclude PMC from Presenting the Ocean Tomo Patent Quality Inventor Study

This motion *in limine* is **GRANTED** by agreement.

2. <u>Defendant's MIL No. 2</u>: Preclude PMC from Presenting Forward Citations for the PMC Patent Family

This motion *in limine* is **GRANTED** by agreement.

3. <u>Defendant's MIL No. 3</u>: Preclude PMC from presenting Testimony from an Unrelated Proceeding

This motion *in limine* is **GRANTED** by agreement.

4. <u>Defendant's MIL No. 4</u>: Preclude PMC from Referencing the Lack of an Opinion of Counsel by Apple

This motion *in limine* is **GRANTED** by agreement. The Court clarifies that the issues of willful blindness and pre-suit notice are not affected by this ruling.

5. <u>Defendant's MIL No. 5</u>: Preclude PMC from Presenting any Testimony or Argument that PMC Notified Apple of the '091 Patent Prior to this Suit

This motion *in limine* is **DENIED** with respect to exclusion of arguments of pre-suit notice. This motion *in limine* is **GRANTED** with respect to using the privilege log in front of the jury. If PMC thinks there is a valid basis to use the privilege log in front of the jury, PMC must approach the bench (showing good cause and no available alternatives) and receive leave to do so.

6. <u>Defendant's MIL No. 6</u>: Preclude PMC from Referencing other Proceedings Involving Apple

This motion *in limine* is **GRANTED** by agreement.

7. <u>Defendant's MIL No. 7</u>: Preclude PMC from presenting Irrelevant and Prejudicial Financial and Business Information

This motion *in limine* is **GRANTED** by agreement with respect to references to net worth, financial ability to pay, location of manufacturing facilities, taxes and working conditions. Compensation of employees may only be referenced if they are witnesses, and only to the same extent as PMC witnesses.

With respect to convoyed sales, including iPhones, iPads, and other devices, the expert shall not discuss the dollar amount of such sales but may discuss unit numbers that are involved.

With respect to total profit numbers, this motion *in limine* is **GRANTED** to the extent that the entire market value of iTunes and the App Store shall not be shown to the jury. The Court clarifies that this does not restrict PMC from explaining how its damages are derived as a percentage of the total revenue, but does restrict PMC from stating the entire market value's dollar value.

The evidentiary principle of the entire market value rule is that "where a multi-component product is at issue and the patented feature is not the item which imbues the combination of the other features with value, care must be taken to avoid misleading the jury by placing undue emphasis on the value of the entire product." *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014). Where not all of the entire value of an accused product is attributable to the patented feature, "courts must insist on a more realistic starting point for the royalty calculations by juries—often, the smallest salable unit and, at times, even less." *Id.* at 1127 (citing *VirnetX. Inc. v. Cisco Systems, Inc.*, 767 F.3d 1308, 1327–28 (Fed. Cir. 2014)); *see also Content Guard Holdings, Inc. v. Amazon.com, Inc.*, Case No. 2:14-cv-00061-JRG, 2016 WL 5112025, Dkt. No. 298 at *9–10 (E.D. Tex. Sept. 20, 2016) ("[Plaintiff's] damages experts' testimony regarding the value of an entire multi-component product . . . must be limited to only what is necessary to present its case . . . .").

Accordingly, the Court does preclude PMC from disclosing the entire market value of iTunes and the App Store.  *See*, *e.g.*, *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012) (excluding damages calculations that rely on the all the sales of the entire product); *see also*, *e.g.*, *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1319 (Fed. Cir. 2011) ("As such, the use of the entire market value of [the accused products] in the form of the $19 billion figure was irrelevant and tainted the jury's damages award." (internal quotation and alterations removed)).

However, it is improper to tie PMC's hands such that it cannot explain the derivation of its damages number. The evidentiary principle of the entire market value rule is meant to avoid misleading the jury by placing "undue emphasis" on the value of the entire product. *Ericsson, Inc.*, 77 F.3d at 1226. Accordingly, as discussed at the pretrial conference, PMC's expert is permitted

to testify mathematically how he derived the damages value he arrived at but not the dollar amount of the entire market value itself.

8. <u>Defendant's MIL No. 8</u>: Preclude PMC from Presenting any PMC License Agreement PMC's Damages Expert Admits are Not Comparable to the Hypothetical License

This motion *in limine* is **GRANTED** to the extent that the dollar value of license agreements that no expert found technologically comparable are excluded.  If a license is technologically comparable, but the expert deems it not economically comparable, the expert may still disclose the amount of the license and explain how it can be adjusted to help determine a reasonable royalty. The Court clarifies that these agreements may be permitted for other purposes such as identifying payment structure (lump sum or running royalty) as long as the financial terms are redacted.  This ruling applies to licenses offered by both sides.

9. <u>Defendant's MIL No. 9</u>: Preclude PMC from Presenting the Four "Public Licenses" Involving Third Parties Relied on by Mr. Dansky

This motion *in limine* is **MOOT**.

10. <u>Defendant's MIL No. 10</u>: Preclude PMC from Presenting Evidence, Testimony, or Argument Regarding Discovery Disputes or Allegedly "Missing" Discovery in this Case

This motion *in limine* is **GRANTED** as to any claims of intentional withholding but does not prevent a witness from simply stating that they did not have access to certain records.

11. <u>Defendant's MIL No. 11</u>: Preclude Testimony from PMC's Experts Outside the Scope of Their Reports

This motion *in limine* is **DENIED** as unnecessary.

12. <u>Defendant's MIL No. 12</u>: Preclude PMC from Presenting Apple Past or Present Executive Statements Unrelated to the Accused Technology

This motion *in limine* is **MOOTED** by Agreement. Dkt. No. 493.

**SIGNED this 2nd day of March, 2021.**


_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MHL CUSTOM, INC.,

        Plaintiff,

   v.

WAYDOO USA, INC. and SHENZHEN
WAYDOO INTELLIGENCE TECHNOLOGY
CO., LTD,

        Defendant.

C.A.  No. 21-0091-RGA

JURY TRIAL DEMANDED


**EXHIBITS 1 AND 2 TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION, *IN LIMINE* NO. 1, TO
<u>REFERENCE DEFENDANTS' CHINESE ORIGIN</u>**

# EXHIBITS 1-2

**FILED UNDER SEAL**