IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC., </br></br> Plaintiff, </br></br> v. </br></br> WAYDOO USA, INC and SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD., </br></br> Defendants. | C.A. No.: 21-091-RGA-MPT </br></br> **REDACTED PUBLIC VERSION** |

### BRIEFING ON DEFENDANTS' MOTION *IN LIMINE* NO. 2

OF COUNSEL:

Edgar H. Haug
Robert E. Colletti
Jason Kanter
Mark Basanta
Patrick Lavery
Roman Khasidov
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
212-588-0800

Dated: March 6, 2023

RICHARDS, LAYTON & FINGER, P.A.
Kelly E. Farnan (#4395)
Dorronda R. Bordley (#6642)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
bordley@rlf.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) C.A. No.: 21-091-RGA-MPT ) |
| WAYDOO USA, INC. and SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD., | ) ) ) ) ) |
|     Defendants. | ) |

## DEFENDANTS' MOTION *IN LIMINE* NO. 2

Defendants Waydoo USA, Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd. (collectively "Waydoo"), pursuant to the Court's Scheduling Order (D.I. 19), hereby provides the following motions *in limine* to limit certain arguments, evidence, and testimony that Plaintiff MHL Custom, Inc. ("MHL") may offer at trial. By serving this motion *in limine*, Waydoo does not waive other evidentiary challenges that it may choose to raise later, *e.g.*, via objections at trial. Waydoo reserves the right to move *in limine* on other topics, as stipulated by the parties or permitted by the Court.

## MOTION *IN LIMINE* NO. 2

### Exclusion of MHL's Trial Counsel's Declaration

1. Waydoo moves this Court for an Order *in limine* preventing MHL from entering into evidence, presenting to the jury, referring to, or otherwise relying on the contents of its trial counsel's improper declaration (D.I. 80-21 and attached Exs. 1-5) and related materials (D.I. 80-20, 80-22), which were first submitted along with MHL's summary-judgment and *Daubert* motions, and which attempts to offer both fact and unqualified expert testimony by MHL's trial counsel.

2. Trial counsel's declaration included, e.g.:

   a. An analysis of the Evolo project website's access logs that Waydoo produced in this case. D.I. 80-21 ¶ 7 and Ex. 4.

   b. An analysis of the geographic location of computers that successfully downloaded the Evolo Report. D.I. 80-21 ¶¶ 8-10 and Ex. 5; D.I. 80-22.

   c. Discussion of and screenshots from the Wayback Machine for the Evolo project website (D.I. 80-21 ¶ 4 and Ex. 1; D.I. 80-20) and the Evolo Report (D.I. 80-21 ¶ 5 and Ex. 2; D.I. 80-20), as well as counsel's "understanding" and assertions regarding when and under what circumstances the Wayback Machine archives website pages (D.I. 80-21 ¶ 6 and Ex. 3).

3. MHL's trial counsel's undated declaration goes far beyond mere attempted authentication of these evidentiary materials, and presents new factual testimony. Should MHL present this factual testimony at trial, MHL's counsel would be in violation of ABA Model Rule of Professional Conduct 3.7(a); *see also* D. Del. L.R. 83.6(d) (incorporating ABA Model Rules into D. Del. practice). Courts routinely strike such declarations as improper. *See e.g.*, *SAWT, Inc. v. Joe Moore Constr., Inc.*, 2015 WL 12552039, at *3 (C.D. Cal. Oct. 26, 2015) (rejecting

"Defendants' entire non-infringement analysis" because it "consist[ed] of a declaration from its counsel"; questioning whether "Defendants' attorney is qualified, or permitted, to opine as one of ordinary skill in the art on these topics"); *Anderson v. Otis Elevator Co.*, 2012 WL 5493383, at *5 (E.D. Mich. Nov. 13, 2012).

4. Moreover, trial counsel's declaration also masquerades as untimely expert testimony. MHL does not have an expert of its own to rebut Waydoo's computer expert, Mark Lanterman. Instead, MHL's trial counsel asserts that it conducted similar research and undertook similar analysis as that conducted by Mr. Lanterman. Trial counsel argues, for instance, that his "offices prepared a document which collected" information from the Evolo Project webpage server logs "in the same manner as performed by Defendants' expert witness, Mark Lanterman." D.I. 80-21 ¶ 7.

5. MHL's trial counsel also rendered opinions based on his purported research and analysis; opining, for instance, that: (i) "the Wayback Machine does not collect archived website pages unless those pages are publicly available" (D.I. 80-21 ¶ 6), (ii) certain webserver log entries "reflect the successful, complete download of the Evolo Report by users on the Internet before October 10, 2013" (D.I. 80-21 ¶ 7), (iii) certain IP addresses "originated from Google" and "that this means that you cannot then trace exactly where those downloads originated" (D.I. 80-21 ¶ 9), and (iv) that "[o]ne could then infer" that Waydoo's asserted prior art was not publicly available (D.I. 80 at 14). Opinion testimony is reserved for qualified experts, not trial counsel. Fed. R. Evid. 702. There is no evidence to suggest that MHL's trial counsel has any relevant technical background or that he could qualify as a computer expert.

6. The risk is real that MHL's counsel will attempt to advance the contents of its improper declaration in front of the jury. MHL's counsel has already done so before Your Honor

in briefing and at the summary-judgment and *Daubert* hearing.  D.I. 80 at 12-16; D.I. 147, Hearing Tr. 12:18-13:9 ("after [Mr. Lanterman's] deposition, *we* [checked the Wayback machine]"; "this is a screenshot *we* pulled from the Wayback machine"), 14:13-21 ("*we* dug into [the records analyzed by Mr. Lanterman] *on our own*, after the fact"), 15:11-16:3 ("when *we* looked at [the records analyzed by Mr. Lanterman] *ourselves*").

Dated: February 17, 2023

/s/ *Kelly E. Farnan*
Kelly E. Farnan (#4395)
Dorronda R. Bordley (#6642)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
bordley@rlf.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Jason Kanter (*pro hac vice*)
Mark Basanta (*pro hac vice*)
Patrick Lavery (*pro hac vice*)
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
212-588-0800

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC.,<br><br>   Plaintiff,<br>v.<br><br>WAYDOO USA, INC. and SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD,<br><br>   Defendant. | C.A. No. 21-0091-RGA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION, *IN LIMINE* NO. 2, REGARDING TRIAL COUNSEL'S DECLARATION**

Defendants seek to exclude an authentication declaration submitted by counsel for Plaintiff to support its summary judgment and *Daubert* briefing, as well as any document attached as an exhibit to that declaration. Plaintiff does not intend to introduce the declaration as evidence at trial, nor does it intend to introduce Exhibit 4 or Exhibit 5 to the declaration. None of these items were listed on Plaintiff's exhibit list – a copy of which was provided to Defendants weeks ago. Plaintiff does, however, intend to introduce as evidence certain screenshots from the Wayback Machine website. As such, this response will focus on Defendants' attempt to preclude this evidence from being presented.

As an initial matter, Defendants fail to cite a legal basis to exclude from evidence the screenshots taken from the Wayback Machine website. The failure to articulate any evidentiary basis for exclusion should result in denial of Defendants' motion out of hand. In any event, the website screenshots at issue consist of screenshots related to the archived records of (a) the Evolo Report, (b) the Evolo project website, and (c) the frequently asked questions page, all taken from the Wayback Machine website, located at the domain name archive.org, on October 5, 2022 (for (a) and (b)) and October 23, 2022 (for (c)).

Assuming Defendants' primary argument is that the website screenshots have not been properly authenticated, an "overwhelming number of courts" have determined that it is proper for a court to take judicial notice of the contents of the Wayback Machine website. *See e.g., Pohl v. MH Sub I, LLC*, 332 FRD 713 (N.D. Fla. 2019), citing FRE 201; and the following cases: *Tobinick v. Novella*, Case No. 9:14-cv-80781, 2015 WL 1526196, at *2 (S.D. Fla. Apr. 2, 2015) (taking judicial notice of the Internet Archive's history of page); *Erickson v. Neb. Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that

1

can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned, ... and the Court does so here."); *Pond Guy, Inc. v. Aquascape Design, Inc.*, Case No. 13-13229, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014) (taking judicial notice of the parties' historical presence as represented by the Internet Archive because "[a]s a resource the accuracy of which cannot reasonably be questioned, the Internet Archive has been found to be an acceptable source for taking of judicial notice."); *Martins v. 3PD*, Case No. 11-11313-DPW, 2013 WL 1320454, at *16 n.8 (D. Mass. Mar. 28, 2013) ("I take judicial notice of various historical versions of the 3PD website available on the Internet Archive ... as facts readily determinable by resorts to a source whose accuracy cannot reasonably be questioned."); *UL LLC v. Space Chariot, Inc.*, 250 F. Supp. 3d 596, 603 n.2 (C.D. Cal. 2017) ("[T]he Court takes judicial notice of archived [ ] webpages because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' "); *Walsh v. Teltech Sys., Inc.,* Case No. 13-13064-RWZ, 2015 WL 12856456, at *1 n.2 (D. Mass. July 30, 2015) (asking the parties to acquaint themselves with the Wayback Machine, and indicating that the court will take judicial notice of the contents of web pages available through Wayback Machine); *Under A Foot Plant, Co. v. Exterior Design, Inc.*, Case No. 6:14-cv-01371-AA, 2015 WL 1401697, at *2 (D. Or. Mar. 24, 2015) (granting plaintiff's request for judicial notice of an archived printout from defendant's website because "[d]istrict courts have routinely taken judicial notice of content from The Internet Archive pursuant to this rule.").

Even if it were determined that the Court could not take judicial notice of the screenshots at issue here, the screenshots were properly authenticated through the declaration of counsel – a practice which is common when presenting screenshots to support motions filed with the court.

The screenshots are what they purport to be: screenshots taken from the Wayback Machine website on the dates identified in the declaration. *See* Rule 901(a).

As to the content of those screenshots, Defendants may try to argue that the screenshots constitute hearsay. However, the first two screenshots depict the archived record of screenshot activity for the Evolo Report and Evolo project website. Those screenshots just confirm that there was no archived record for those sites on the Wayback Machine website until June of 2020. This is not hearsay. *See e.g.*, *Abu-Lughod v. Calis*, No. CV 13-2792 DMG (RZX), 2015 WL 12746198, at *3 (C.D. Cal. May 20, 2015) (denying a motion seeking to exclude evidence obtained from the Wayback Machine as hearsay); *Hansen Cold Storage Constr. v. Cold Sys., Inc.*, No. 2:19-CV-07617-SB-MAA, 2021 WL 6536672, at *3 (C.D. Cal. Dec. 19, 2021) (Wayback Machine screenshots are not hearsay because they "simply show the automated operation of a redirecting link").

Finally, the "frequently asked questions" page of the Wayback Machine should likewise not be excluded as hearsay. This page constitutes a commercial publication consisting of a compilation of questions and answers that the public generally relies upon under Rule 803(17). The page is also admissible under Rule 803(18) as an online treatise or periodical which will be called to the attention of Mr. Lanterman (Defendants' expert) during his cross-examination, and as already admitted to by Mr. Lanterman, is a reliable source of information concerning the subject matter of his testimony.

Defendants' motion to exclude Exhibits 1, 2, and 3 to the McGraw Declaration should be denied.

Dated: February 27, 2023

Respectfully submitted,

/s/ Robert J. Theuerkauf
Dennis D. Murrell (KY 84017, *pro hac vice*)
dmurrell@grayice.com
Robert J. Theuerkauf (KY 89068, *pro hac vice*)
rjt@grayice.com
Brian P. McGraw (KY 90447, *pro hac vice*)
bmcgraw@grayice.com
Megan E. Gibson (KY 97237, *pro hac vice*)
mgibson@grayice.com
**GRAY ICE HIGDON, PLLC**
4600 Shelbyville Road, Unit 8022
Louisville, KY 40257
Telephone: (502) 584-1135

Blake A. Bennett
bbennett@coochtaylor.com
COOCH AND TAYLOR, P.A.
The Nemours Building
1007 N. Orange Street, Suite 1120
Wilmington, DE 19899
Telephone: (302) 984-3889

*Attorneys for Plaintiff/Counter Defendant,
MHL Custom, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | C.A. No.: 21-091-RGA-MPT ) ) |
| WAYDOO USA, INC. and SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD., | ) ) ) ) ) |
| Defendants. | ) |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 2

Defendants Waydoo USA, Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd. (collectively "Waydoo"), pursuant to the Court's Scheduling Order (D.I. 19), hereby provides the following replies in support of its motion *in limine* to limit certain arguments, evidence, and testimony that Plaintiff MHL Custom, Inc. may offer at trial.

## WAYDOO'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 2

MHL seems to misunderstand Waydoo's motion, minimizing its counsel's work as simply "an authentication declaration," ignoring that it presents untimely expert testimony regarding the Wayback Machine, Evolo webserver logs, and geolocation information. It is not enough that MHL "does not intend to introduce the declaration as evidence." MHL intends to cross-examine Mr. Lanterman based on the contents of the declaration (i.e., its counsel's research, analysis, and opinions), which would be improper. *E.g.*, D. Del. L.R. 83.6(d).

As to authenticity of Wayback Machine screenshots, whether or not an "overwhelming number of courts" permit judicial notice, the Third Circuit sees it differently and none of MHL's voluminous case law is from the Third Circuit. MHL Opp'n Waydoo MIL 2 at 1-2. *Gavrieli Brands v. Soto Massini (USA)* held that "screenshots from the Wayback Machine must be authenticated by an Internet Archive employee or another individual with experience in its operation and reliability." 2019 WL 10248462, at *2 (D. Del. 2019). The *Gavrieli* court relied on guidance from the Third Circuit, which "upheld authentication of Wayback Machine screenshots where they were accompanied by testimony of someone who explained the functionality and reliability of the Wayback Machine." *Id.* (citing *U.S. v. Bansal*, 663 F.3d 634, 667 (3d Cir. 2011)). MHL offers no testimony—except from trial counsel—on the issue, so the Wayback Machine screenshots remain unauthenticated and should be excluded.

As to hearsay, Waydoo agrees that the screenshots are not hearsay, but the "Frequently Asked Questions" page *is* hearsay to which no exception applies. MHL cites no factual or legal support that an FAQ page is a "Market Report" under FRE 803(17) or a "Learned Treatise" under FRE 803(18). MHL's assertion about what Mr. Lanterman "already admitted" is unsupported, and MHL did not use any Wayback Machine document at Mr. Lanterman's deposition.

1

Dated: March 3, 2023

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Dorronda R. Bordley (#6642)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
bordley@rlf.com

Edgar H. Haug (*pro hac vice*)
Robert E. Colletti (*pro hac vice*)
Jason Kanter (*pro hac vice*)
Mark Basanta (*pro hac vice*)
Patrick Lavery (*pro hac vice*)
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
212-588-0800

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Blake A. Bennett
Andrew Ralli
Cooch and Taylor, P.A.
The Nemours Building
1007 N. Orange Street
Suite 1120
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Dennis D. Murrell
Robert J. Theuerkauf
Brian P. McGraw
Megan E. Gibson
Gray Ice Higdon, PLCC
4600 Shelbyville Road #8022
Louisville, KY 40257

**BY ELECTRONIC MAIL**
Joseph S. Naylor
Swartz Campbell LLC
300 Delaware Avenue, Suite 1410
P.O. Box 330
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Kara Renee Fussner
Husch Blackwell LLP
190 Carondelet Plaza
St. Louis, MO 63105

　_/s/ Kelly E. Farnan_
　Kelly E. Farnan (#4395)