IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MHL CUSTOM, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 21-0091-RGA |
| WAYDOO USA, INC. and SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD, | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

I have considered Plaintiff's motion in limine regarding the admissibility of the Evolo videos and Evolo webpage (D.I. 180),[1] Defendants' motion in limine regarding the admissibility of Evolo videos (D.I. 167), and whether Plaintiff's expert Mr. Barry may testify that the Evolo videos demonstrate that the Evolo report is not enabling (D.I. 172 at 32-33). At the pre-trial conference I asked Plaintiff to identify four to six videos of the final two versions of the Evolo prototype, portions of Mr. Barry's report where he discusses those videos in the context of enablement, and where Mr. Barry or Dr. Triantafyllou, Defendants' expert, identifies which version of the Evolo prototype is in the video. (D.I. 194). I have considered Plaintiff's submission (D.I. 196) and Defendant's response (D.I. 197).

Plaintiff's motion in limine (D.I. 180) is granted in part and denied in part. Likewise, Defendants' motion in limine (D.I. 167) is granted in part and denied in part. I address each piece of evidence in turn.

---

[1] Plaintiff's motion in limine also sought to exclude the Swedish magazine, Båtnytt. (D.I. 180 at 2). I determined the magazine was admissible. (D.I. 184 at 2).

Evolo Video 1 (Bates No. WD004548)[2] is admissible. This video shows a trial run of what the expert witnesses call the "final Evolo prototype." (*See* D.I. 80-15, ¶ 233 (showing a picture of the "final Evolo prototype")). Mr. Barry cites to this video in his expert report. (D.I. 80-32, ¶¶ 92, 169-170). While neither Mr. Barry nor Dr. Triantafyllou specifically identify this video as showing the final Evolo prototype, the video sufficiently shows the watercraft such that one can identify it as the final Evolo prototype based on its appearance. Fed. R. Evid. 901(b)(4). This video is relevant, as Mr. Barry's report recites, "To the extent that Dr. Triantafyllou asserts that any of the prototypes of the Evolo Report are passively static stability (sic), the Evolo Report is not enabled." (D.I. 80-32, Ex. 30, ¶ 110, ¶ 186 (same for "passive stability")). Therefore, this video is admissible, and Mr. Barry may testify about what it shows with respect to whether the Evolo Report is enabling.

Evolo Video 2 (Bates No. WD004546)[3] is admissible. This video shows a trial run of "final Evolo prototype." (*See* D.I. 80-15, ¶ 233 (showing a picture of the "final Evolo prototype")). Dr. Triantafyllou identifies the video as "footage of the final Evolo prototype." (D.I. 80-15, ¶¶ 235 (identifying video with the url and Bates No.)). Mr. Barry cites to this video in his expert report. (D.I. 80-32, ¶¶ 92-93, 169-170). This video is relevant. Mr. Barry's report recites, "To the extent that Dr. Triantafyllou asserts that any of the prototypes of the Evolo Report are passively static stability (sic), the Evolo Report is not enabled." (D.I. 80-32, Ex. 30, ¶ 110, ¶ 186 (same for "passive stability")). Dr. Triantafyllou also cites to and discusses this video in his report. (D.I. 80-15, ¶¶

---

[2] A. Lundell, *Evolo prototype run,* YouTube.com (May. 5, 2009), https://www.youtube.com/watch?v=a-_OCN50aWo.

[3] Jakob Kuttenkeuler, *Evolo movie*, YouTube.com (Jun. 11, 2009), https://www.youtube.com/watch?v=zL9fO8tFl18.

235-36). Therefore, this video is admissible, and Mr. Barry and Dr. Triantafyllou may testify about it with respect to whether the Evolo Report is enabling.

Evolo Video 3 (Bates No. WD004565[4])[5] may be able to be used, and possibly admitted, during cross-examination of Dr. Triantafyllou.[6] Dr. Triantafyllou identifies this video as showing a trial run of the X8 prototype by comparing an image of the watercraft in the Evolo Report with a screenshot of the video. (D.I. 80-15, ¶¶ 224-226, 232). Dr. Triantafyllou discusses this video in his report. (*See, e.g., id.*, ¶ 226). Plaintiff concedes that this video is not referenced in Mr. Barry's report. (D.I. 196 at 2). Therefore, Mr. Barry may not testify about it.

Evolo Video 4 (Bates No. WD004544)[7] may be able to be used, and possibly admitted, during cross-examination of Dr. Triantafyllou. Dr. Triantafyllou identifies this video as showing a trial run of the X8 prototype. (D.I. 80-15, ¶ 232 ("I believe that the prototypes depicted in these videos were of the X8, given the similarities between the photograph on page 420 of the report and the videos.")). Dr. Triantafyllou discusses this video in his report. (*See, e.g., id.*, ¶ 226).

---

[4] Plaintiff identifies this video with Bates No. WD004565 in its letter. (D.I. 196 at 3). Exhibit C to Plaintiff's letter (D.I. 196-3) lists this entry as WD004563, but also has two entries with that same Bates No. (*See* D.I. 196-3, Ex. C at 2). I believe the correct Bates No. is WD004565 as Dr. Triantafyllou identifies a video at the same url using that Bates No. (D.I. 80-15, ¶¶ 226).

[5] A. Lundell, *Project Evolo*, YouTube.com (Jan. 22, 2009), https://www.youtube.com/watch?v=W45pdr9_B9c.

[6] For Evolo Videos 3 and 4, I will not be able to tell whether Plaintiff will be able to use the videos in cross-examination until I have heard Dr. Triantafyllou's direct examination. If Plaintiff thinks the direct examination permits such cross-examination, Plaintiff is going to need to bring that up with me at the time and get my express permission before any use of the two videos.

[7] A. Lundell, *evolo experiment 4*, YouTube.com (Dec. 1, 2008), https://www.youtube.com/watch?v=thgdqujzzNc.

Plaintiff concedes that this video is not referenced in Mr. Barry's report. (D.I. 196 at 2). Mr. Barry may not testify about it.

Evolo Video 5 (Bates No. WD004549),[8] Evolo Video 6 (Bates No. WD004552),[9] and Evolo Video 7 (Bates No. WD004558)[10] are not admissible. Neither Mr. Barry nor Dr. Triantafyllou cite to these videos in their reports or purport to identify which Evolo prototypes are shown in the videos. The videos do not show enough of the watercraft to visually identify which watercraft is being tested. Therefore, the videos are not admissible because there is insufficient evidence "to support a finding that the item is what the [Plaintiff] claims it is." Fed. R. Evid. 901(a). Even if Plaintiff could identify the watercrafts, unless the watercrafts could be identified as the X8 or final Evolo prototype, I would exclude the videos as irrelevant, and, in the alternative, because any probative value is substantially outweighed by the risk of confusion from the introduction of videos of earlier versions of the prototype. *See* Fed. R. Evid. 403. I do not see how the performance of earlier versions of the Evolo prototype are relevant to addressing Defendants' anticipation or obviousness defenses when the Evolo Report discloses improvements in the form of subsequent prototypes.

I find the screenshot of the webpage (D.I. 196-4, Ex. D) referencing the Evolo Report is admissible for limited purposes. Defendants may use the webpage as evidence that the Evolo Report was publicly accessible prior to the priority date of Plaintiff's patents.

---

[8] Joacimwe, *Evolo student project*, YouTube.com (Oct. 23, 2008), https://www.youtube.com/watch?v=3vcR4d8hAB0.

[9] Mikael Razola, *Evolo*, YouTube.com (Oct. 30, 2008), https://www.youtube.com/watch?v=wPO8wgPYhQc.

[10] Mikael Razola, *Evolo*, YouTube.com (Oct. 30, 2008), https://www.youtube.com/watch?v=K4pf0CFNDHU.

The statement on the webpage referring to the Evolo prototype as having an "inherently unstable nature" is admissible for addressing Defendants' obviousness defense. (D.I. 196-4, Ex. D). This statement is relevant to whether a person of ordinary skill in the art (POSA) would be motivated to modify the Evolo Report to create a stable eFoil. (D.I. 80-32, ¶¶ 110, 186). In this context, the statement is not hearsay as it is not being offered for the truth of the matter asserted – that Evolo is inherently unstable – but instead that a POSA would be discouraged from using Evolo to make a stable watercraft due to the existence of that statement.

The "inherently unstable nature" statement on the webpage is inadmissible for addressing Defendants' anticipation defense. In this context, the statement is being offered to prove the truth of the matter asserted – that Evolo is inherently unstable. This is classic hearsay. Plaintiff argues the webpage constitutes an exception to the hearsay rule as the statement in it is a present sense impression. (D.I. 196 at 4 (citing Fed. R. Evid. 803(1)). I disagree. There is no evidence that the statement on the webpage was made "while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). Therefore, the statement is inadmissible hearsay when used as evidence to address Defendants' anticipation defense.

Plaintiff's and Defendants' motions in limine (D.I. 167; D.I. 180) are now RESOLVED.

_/s/ Richard G. Andrews_
United States District Judge
3/20/23