

COOCH AND TAYLOR
ATTORNEYS ♦ A PROFESSIONAL ASSOCIATION

**Andrew A. Ralli**
302.984.3821
aralli@coochtaylor.com

March 15, 2023

The Honorable Richard G. Andrews
United States District Court for the
District of Delaware
844 N. King Street, Unit 9, Room 6325
Wilmington, DE  19801

   RE: *MHL Custom, Inc. v. Waydoo USA, Inc. et al*,
      Case No:  1:21-cv-00091-RGA

Dear Judge Andrews:

  At the pretrial conference in this matter, the Court asked Plaintiff to: (1) identify those portions of Christopher Barry's expert reports wherein he explains that the Evolo Report ("Report") is not enabling; (2) identify the videos it seeks to admit related to the Evolo project; and (3) identify the website pages it seeks to admit with respect to the Evolo project. This letter serves to identify the requested information.

  First, with respect to the enablement questions, Mr. Barry provides testimony evidencing how the Report is not enabling.  Initially, as Mr. Barry states, the Report "cannot be interpreted with any reasonable degree of clarity.  The Report is, at best, confusing as to any technical specifications regarding the numerous designs and prototypes and their configurations disclosed in the Report."  Expert Report of Christopher Barry, dated August 31, 2022, ¶ 78 (D.I. 87-32) (excerpts attached hereto as Exhibit A).  Mr. Barry also opines that the Report does not "even consider as a goal passive stability as set forth in the Patents-at-Issue" (*id.* ¶ 87), and, throughout several paragraphs, he specifically describes how the Report does not teach or achieve "stability."  *Id.* ¶¶ 80-81, 87-95, 97-100, 104-08, 110.  Mr. Barry summarily notes that "[w]hile the Evolo Report notes some theory regarding stability (*see* WD000155-161), the Report never actually teaches or achieves stability as set forth in the Patents-at-Issue, nor are any stability analyses presented[.]"  Ex. A at 88.

  Mr. Barry also provides details as to how the various experiments, which are described in the Report itself and that cite to various videos of such experiments, fail to demonstrate "stability" contrary to Defendants' interpretation of the Report.  *Id.* ¶¶ 92, 93, 94, 103.  Such experimental failures, described in the Report and further illustrated by the videos, are further evidence that the Report lacks an enabling disclosure.  Additionally, as Mr. Barry explains, the

The Honorable Richard G. Andrews  Cooch and Taylor P.A.
March 15, 2023
Page 2

hydrofoil design disclosed in the Report is a flat plate and the Report does not consider the consequences such a design has on its ability to provide stability. *Id.* ¶¶ 104-06. Mr. Barry also explains how the flat plate disclosed in the Report has a "planform comprising an extreme delta with short extensions on the aft end …. [W]ith a straight transverse trailing edge" and that such a design ensures that it is not statically stable. *Id.* ¶ 107. The Report includes an image of a rider on the final prototype, and regarding this image Mr. Barry states "[a]s the figure of a rider riding the final Evolo prototype illustrates, the rider of the craft is leaning well forward and to port to attempt to recover the craft from a combine pitch up and roll." *Id.* at 99. Moreover, Mr. Barry opines that because the planform of the Evolo design is swept significantly more than 60 degrees, the design is likely unusable as taught by the patents-in-suit. *Id.* Mr. Barry further concludes that the Report is not enabled as recognized in the description of the Evolo project website. *Id.* ¶ 110. All of these opinions support a finding that the Report is not enabling.

Second, with respect to the various Evolo videos, Plaintiff identifies the following videos which it intends to use at trial through either impeachment of Dr. Triantafyllou and/or through Mr. Barry's direct testimony (only the videos "Evolo Video 1" and "Evolo Video 2", identified below, are referenced in Mr. Barry's report). Links to the YouTube videos are provided as referenced in the cited reports, and a Sharefile link has been provided by separate email for direct download of the video files in MP4/VLC Media Player format. In addition, a chart is attached to this letter as Exhibit B which further sets forth the specific paragraphs of the respective reports where the videos are identified by the parties' experts. The following is a listing of the videos provided to the Court along with a summary of how the videos have been referenced by the parties' experts:

1. Video titled "Evolo prototype run", dated May 5, 2009, bates labeled WD004548 ("**Evolo Video 1**"): located at https://www.youtube.com/watch?v=a-_OCN50aWo. This video is of the final Evolo prototype and is referenced in paragraphs 93, 169, and 170 of Mr. Barry's Invalidity Rebuttal Report, dated August 31, 2022 (D.I. 87-32). Mr. Barry provides the YouTube link in footnotes associated with these paragraphs. This video was produced by Defendants in discovery and was likewise identified within a list of videos that Dr. Tryantafyllou reviewed and relied upon in forming his opinions in the case. *See* Exhibit 3 to Triantafyllou Invalidity Report, dated August 8, 2022 (D.I. 87-15), attached to this letter as Exhibit C.

2. Video titled "Evolo movie", June 11, 2009, bates labeled WD004546 ("**Evolo Video 2**"): located at https://www.youtube.com/watch?v=zL9fO8tFl18. This video is of the final Evolo prototype and is referenced in paragraphs 93, 169, and 170 of Mr. Barry's Invalidity Rebuttal Report, dated August 31, 2022 (D.I. 87-32). Mr. Barry provides the YouTube link in footnotes associated with these paragraphs. This video was produced by Defendants in discovery and was likewise identified within a list of videos that Dr. Tryantafyllou reviewed and relied upon in forming his opinions in the case. *See* Exhibit 3 to Triantafyllou Invalidity Report, dated August 8, 2022 (D.I. 87-15). In addition, Dr. Triantafyllou makes specific reference to this video in paragraphs 235 and 236 of his Invalidity Report, provides a direct link to the YouTube video, and indicates that this video "shows the final Evolo prototype".

**The Honorable Richard G. Andrews**  **Cooch and Taylor P.A.**
**March 15, 2023**
**Page 3**

3. Video titled "Project Evolo", dated January 22, 2009, bates labeled WD004565 ("**Evolo Video 3**"): located at https://www.youtube.com/watch?v=W45pdr9_B9c. This video is of the X8 prototype and is referenced in paragraphs 224, 225, 226, 228, 229, and 232 of Dr. Triantafyllou's Invalidity Report dated August 8, 2022 (D.I. 87-15). Dr. Triantafyllou provides a link to the YouTube video in his report and confirms that the video depicts the Evolo X8 prototype. This video was produced by Defendants in discovery and was likewise identified within a list of videos that Dr. Tryantafyllou reviewed and relied upon in forming his opinions in the case. *See* Exhibit C.

4. Video titled "Evolo experiment 4", dated December 1, 2008, bates labeled WD004544 ("**Evolo Video 4**"): located at https://www.youtube.com/watch?v=thgdqujzzNc. This video is of the X8 prototype and is referenced in paragraph 232 of Dr. Triantafyllou's Invalidity Report dated August 8, 2022 (DN 87-15). Dr. Triantafyllou provides a link to the YouTube video in his report and confirms that the video depicts the Evolo X8 prototype. This video was produced by Defendants in discovery and was likewise identified within a list of videos that Dr. Tryantafyllou reviewed and relied upon in forming his opinions in the case. *See* Exhibit C.

5. Video titled "Evolo student project", dated October 23, 2008, bates labeled WD004549 ("**Evolo Video 5**"): located at https://www.youtube.com/watch?v=3vcR4d8hAB0. This video was produced by Defendants in discovery and was likewise identified within a list of videos that Dr. Tryantafyllou reviewed and relied upon in forming his opinions in the case. *See* Exhibit C.

6. Video titled "Evolo", dated October 30, 2008, bates labeled WD004552 ("**Evolo Video 6**"): located at https://www.youtube.com/watch?v=wPO8wgPYhQc. This video was produced by Defendants in discovery and was likewise identified within a list of videos that Dr. Tryantafyllou reviewed and relied upon in forming his opinions in the case. *See* Exhibit C.

7. Video titled "Evolo", dated October 30, 2008, bates labeled WD004558 ("**Evolo Video 7**"): located at https://www.youtube.com/watch?v=K4pf0CFNDHU&t=2s. This video was produced by Defendants in discovery and was likewise identified within a list of videos that Dr. Tryantafyllou reviewed and relied upon in forming his opinions in the case. *See* Exhibit C.

**The Honorable Richard G. Andrews**  **Cooch and Taylor P.A.**
March 15, 2023
Page 4

Finally, the Court asked Plaintiff to identify the webpage screenshot reference to the Evolo project website containing a statement indicating that the Evolo device was "fun to ride due to its fast and inherently unstable nature." A copy of that website page, located at the domain name http://flygmac7.flyg.kth.se/cdio/old_projects/evolo, is attached to this letter as Exhibit D. This screenshot was originally listed as an exhibit on both Plaintiff and Defendants' exhibit list (PTX 110 and DTX 142). The Court may recall that this is the website page which links to the Report. This page is relied upon by Defendants and their expert, Mr. Lanterman, to support their argument that the Report was both publicly available and accessible and would have turned up in an "appropriate Google search" before Plaintiff filed the application for the '044 Patent. The fact that Defendants seek admission of this document in and of itself supports the conclusion that Plaintiff can likewise use and reference this document at trial.

Stated differently, the Report is filled with hearsay statements that Defendants rely on to support their invalidity defense and specifically, their argument that the Evolo Report teaches stability. For example, Defendants rely on the following statements from the Evolo Report as evidence that the Evolo Report teaches stability: "Evolo felt much more stable in the pitch joint with the new configuration…." (D.I. 80-20 at 417) and "[t]he craft was 'more stable in the range of 8-9 knots" (*id*. at 407). Despite the reliance on hearsay to support their own position on invalidity, Defendants conversely argue in this context that Plaintiffs should not be permitted to introduce similar statements which contradict Defendants' interpretation of the Report. Should the hearsay of the Report be admitted, so should the statements made by the authors of the Report on the Evolo website.

In any event, should the Court determine that the statements made on the Evolo website as to the inherently unstable nature of the Evolo device constitute hearsay, such statements should be permitted as an exception to hearsay as a present sense impression of the authors of the Evolo Report under Rule 803(1).

Respectfully submitted,

*/s/ Andrew Ralli*

Andrew A. Ralli (#6733)

AAR:cls
cc:   All counsel of record (via CM-ECF)