# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC., <br><br> Plaintiff, <br><br> v. <br><br> WAYDOO USA, INC. and SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD, <br><br> Defendant. | C.A. No. 21-0091-RGA <br><br> **PUBLIC VERSION** <br> **FILED JULY 6, 2023** |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS POST-TRIAL MOTIONS FOR PERMANENT INJUNCTION, SUPPLEMENTAL DAMAGES, ONGOING DAMAGES, PRE- AND POST-JUDGMENT INTEREST, ENHANCED DAMAGES AND ATTORNEYS' FEES**

Blake A. Bennett
bbennett@coochtaylor.com
Andrew Ralli
aralli@coochtaylor.com
The Brandywine Building
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3889

Dennis D. Murrell (KY 84017, *pro hac vice)*
dmurrell@grayice.com
Robert J. Theuerkauf (KY 89068, *pro hac vice)*
rjt@grayice.com
Brian P. McGraw (KY 90447, *pro hac vice*)
bmcgraw@grayice.com
Megan E. Gibson (KY 97237, *pro hac vice)*
mgibson@grayice.com
**GRAY ICE HIGDON, PLLC**
4600 Shelbyville Road, Suite 8022
Louisville, Kentucky 40257
Telephone: (502) 625-2747

*COUNSEL FOR PLAINTIFF MHL CUSTOM, INC.*

**July 6, 2023**

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES ……………………………………………………… | iii |
| INTRODUCTION ……………………………………………………………….. | 1 |
| I.   A PERMANENT INJUNCTION SHOULD ISSUE …………………………….. | 1 |
| II.  MHL IS ENTITLED TO SUPPLEMENTAL AND ONGOING DAMAGES …… | 5 |
| III. MHL IS ENTITLED TO PRE- AND POST-JUDGMENT INTEREST …………. | 7 |
| IV. MHL IS ENTITLED TO ENHANCED DAMAGES AND ATTORNEYS' FEES… | 8 |
| CONCLUSION …………………………………………………………..…………. | 10 |

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                               Page

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) ……………………………………………………………   7

*Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*,
85 F. Supp. 3d 768 (D. Del. 2015) ……………………………………………………..   6

*Amgen Inc. v. Sanofi*,
No. CV 14-1317-RGA, 2019 WL 259099 (D. Del. Jan. 18, 2019) ……………………   1-3

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
670 F.3d 1171 (Fed. Cir. 2012) ……………………………………………………….   7

*Bayer Healthcare LLC v. Baxalta Inc.*,
No. 16-CV-1122-RGA, 2019 WL 4016235 (D. Del. Aug. 26, 2019) …………………..   6

*E.I. DuPont de Nemours & Co. v. Unifrax I LLC*,
C.A. No. 14- 1250-RGA, 2017 WL 4004419 (D. Del. Sept. 12, 2017) ………………..   6

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
582 F.3d 1288 (Fed. Cir. 2009) ………………………………………………………   7

*Inter Medical Supplies, Ltd. v. EBI Medical Systems, Inc.*,
181 F.3d 446 (3rd Cir. 1999) …………………………………………………………   7

*Kaufman v. Microsoft Corp.*,
34 F.4th 1360 (Fed. Cir. 2022) ………………………………………………………   8

*Montrose Med. Group Participating Savings Plan v. Bulger*,
243 F.3d 773 (3d Cir. 2001) ………………………………………………………….   1

*Mytee Prod., Inc. v. Harris Rsch., Inc.*,
439 F. App'x 882 (Fed. Cir. 2011) …………………………………………………...   4

*Oneida Motor Freight, Inc. v. United Jersey Bank*,
848 F.2d 414 (3d Cir. 1988) ………………………………………………………….   1

*Paice LLC v. Toyota Motor Corp.*,
504 F.3d 1293, 1316 (Fed. Cir. 2007) ………………………………………………...   5

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
930 F.3d 1295 (Fed. Cir. 2019) ………………………………………………………   7

*SynQor, Inc. v. Artesyn Techs., Inc.*,
709 F.3d 1365 (Fed. Cir. 2013) ……………………………………………………… 5-6

*Veracode, Inc. v. Appthority, Inc.*,
137 F. Supp. 3d 17 (D. Mass. 2015) ……………………………………………… 6

*WBIP, LLC v. Kohler Co.*,
829 F.3d 1317 (Fed. Cir. 2016) …………………………………………………. 9

*Yetter v. Wise Power Sys., Inc.*,
929 F. Supp. 2d 329 (D. Del. 2013) ……………………………………………. 1

## **Statutes**

35 U.S.C. § 284 …………………………………………………………………… 5

35 U.S.C. § 287 …………………………………………………………………… 9

MHL, by counsel, submits this reply brief to Waydoo's Response (DI 246) in opposition to MHL's post-trial motions (DI 230, 231, 232, and 233).

## INTRODUCTION

Waydoo's largely frivolous response to MHL's post-trial motions is completely divorced from the facts, the law, and reality. Despite a resounding verdict of willful infringement being entered against it, Waydoo seeks an incredible result which would allow it to continue willfully infringing MHL's patents with no repercussions whatsoever. The result Waydoo seeks would be manifestly unjust *and* improper based on the evidence presented. In the least, for the reasons discussed below and in support of MHL's post-trial motions, a permanent injunction should enter and Waydoo should be forced to account to MHL for pre- and post-judgment interest as well as supplemental damages up through the entry of the permanent injunction. However, given the circumstances more fully addressed in MHL's original motions and supporting brief, as well as below, the evidence fully supports awards of enhanced damages and attorneys' fees, as well as ongoing damages should MHL's requests for a permanent injunction not be granted.

### I. A PERMANENT INJUNCTION SHOULD ISSUE

Waydoo begins its argument in opposition to the entry of a permanent injunction by invoking judicial estoppel and blatantly misrepresenting to the Court that MHL and its counsel told the jury during closing arguments that MHL was not seeking a permanent injunction. DI 246, p. 1 ("Plaintiff told the jury (and the public) that it was not seeking an injunction and should be held to that."). Then, Waydoo further misrepresents that a permanent injunction would put it out of business. With respect to the factors considered by the Courts for issuance of a permanent injunction, Waydoo further provides an "everything but the kitchen sink" argument that there is no irreparable harm because: (a) MHL has shown a willingness to license its patents to competitors;

1

(b) MHL and Waydoo are not direct competitors; (c) MHL has not adequately proven any lost sales to Waydoo; (d) MHL has not adequately proven loss of market share; (e) MHL delayed filing suit and did not seek a preliminary injunction; and (f) MHL did not adequately establish that there was a nexus between the patented features and the demand for Waydoo's products. *Id*., pp. 3-9. Somewhat incredibly, Waydoo closes by arguing that an injunction should not issue because continuing royalties would provide an adequate remedy to MHL in lieu of an injunction, but later in the same brief argues that MHL is *not* entitled to continued royalties for further infringing sales. If anyone is "playing fast and loose" with their arguments before this Court, it is Waydoo. None of Waydoo's arguments has merit.

Starting with Waydoo's non-sensical judicial estoppel argument, the defense bars a party that has previously asserted a legal position from asserting an inconsistent or contrary legal position in a later proceeding. *Amgen Inc. v. Sanofi*, No. CV 14-1317-RGA, 2019 WL 259099, at *4 (D. Del. Jan. 18, 2019) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988)). The elements of judicial estoppel in the Third Circuit are: (1) the party to be estopped is taking two irreconcilably inconsistent positions; (2) the party to be estopped has changed his or her position in bad faith; and (3) the use of judicial estoppel is tailored to address the harm identified and no lesser sanction would adequately remedy the damage done. *See Amgen*, at *4, (citing *Montrose Med. Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 777-78 (3d Cir. 2001)). Judicial estoppel should be applied only to "avoid a miscarriage of justice." *Yetter v. Wise Power Sys., Inc.*, 929 F. Supp. 2d 329, 332 (D. Del. 2013).

Here, Waydoo's argument is first debunked by the fact that counsel for MHL *never* said to the jury that MHL was not seeking a permanent injunction as Waydoo flatly mispresents to the Court. Counsel's exact statement in closing, made in the context of a discussion about damages,

2

was as follows: "MHL's not trying to put Waydoo out of business, but is asking for fair compensation for their use of these patents. Just like Fliteboard is paying fair compensation for the use of the patents." Tr., Vol. 6, 1126:17-22. A statement about not trying to put Waydoo out of business and wanting fair compensation is not "irreconcilably inconsistent" with Plaintiff's request for a permanent injunction preventing Defendants from further infringing Plaintiff's patents. *Amgen*, 2019 WL 259099 at *5 ("Judicial estoppel is not appropriate because the representations to the PTO cited by Plaintiffs are not 'irreconcilably inconsistent' with the stated position in this case."). Waydoo's invocation of the judicial estoppel defense should be denied.

Nor is it accurate, based on the evidence presented, that the issuance of a permanent injunction would put Waydoo out of business. Waydoo disregards the undisputed and unrebutted facts of record raised in MHL's motion that should an injunction issue, Waydoo would not be precluded from selling the infringing products outside of the United States, that the infringing U.S. sales only constituted 40% of Waydoo's overall revenues, that Waydoo would not be prevented from continuing to sell their non-infringing underwater scooter product, and that if an injunction were to issue, at a minimum, Waydoo would still earn approximately $▬▬▬▬ in revenues for worldwide sales of eFoils and/or other products. *See* DI 238, PageID 14964-65. This is not "going out of business" as Waydoo feigns.

As for the remaining factors cited by Defendants to try and justify denial of a permanent injunction, the notion that MHL and Waydoo are not competitors is ludicrous. They sell the same products, in the same geographic market, to the same target customers, through the same channels of trade. *See* DI 238, PageID 14962-63. The fact that Waydoo sells a fractionally cheaper product does not cut against the fact that the parties are competitors. It only intensifies the real, competitive dangers associated with having a party coming into an established market (a market which MHL

created), selling an identical product (using MHL's technology), and usurping sales solely because it is offering a product that is slightly cheaper. Waydoo questions the evidence presented at trial by MHL that is has lost customers and market share but offers nothing in terms of rebuttal evidence to support its position.

Waydoo further makes much of MHL's willingness to license to Fliteboard and MSLR, two admitted competitors. These competitors, however, did not force MHL to spend significant money to litigate over the course of many years. These were competitors who, unlike Waydoo, were willing to discuss a reasonable resolution right from the start. These were competitors who, unlike Waydoo, respected MHL's intellectual property and did the right thing. These were and are competitors who, unlike Waydoo, have not given MHL reasons to believe their accounting records cannot be trusted. In any event, Waydoo's entire argument on royalties being an adequate remedy can be disregarded based on its outright refusal to pay royalties moving forward as articulated through its position in its response brief as to supplemental and ongoing royalty damages.

Waydoo also places great emphasis on the fact that MHL did not seek a preliminary injunction in this case and allegedly "delayed" filing suit. However, the failure to seek a preliminary injunction is not a factor courts must consider in deciding whether a permanent injunction is warranted. *See Mytee Prod., Inc. v. Harris Rsch., Inc.*, 439 F. App'x 882, 888 (Fed. Cir. 2011) ("While we have held that delay in seeking an injunction is a factor to be considered in determining whether to issue a preliminary injunction, we have never held that failure to seek a preliminary injunction must be considered as a factor weighing against a court's issuance of a permanent injunction."). Further, any perceived "delay" here in initiating the lawsuit would be more relevant to the issuance of a preliminary injunction, not a permanent one.

4

Finally, Waydoo argues that MHL failed to establish a nexus between the patented features and commercial demand solely based on an argument that an unstable eFoil could be ridden. This argument defies common sense from a commercial perspective and ignores the definitive testimony from nearly every witness that the Waydoo eFoils were stable. Waydoo's argument further ignores the fact that the patented invention is the eFoil itself – stability is not the only patented feature at issue.

The factors overwhelmingly support the issuance of a permanent injunction in this case. And, in fact, a permanent injunction offers the most sensible resolution which avoids forcing the parties to work together to account for Waydoo's infringing sales under an ongoing license.

## II. MHL IS ENTITLED TO SUPPLEMENTAL AND ONGOING DAMAGES

Despite citing no legal authority for its position, Waydoo argues that MHL is not entitled to either supplemental or ongoing royalty damages because it would violate its Seventh Amendment right to a jury trial. Waydoo also argues that MHL waived the right to ongoing damages by not expressly asking the jury to award such damages.

Waydoo's frivolous Seventh Amendment argument that 35 U.S.C. § 284 is unconstitutional because it allows a district court judge (not a jury) to exercise its discretion and award supplemental or ongoing damages as allowed by that provision, has already been rejected by this Court and the Federal Circuit. For example, in *Paice LLC v. Toyota Motor Corp*., the Federal Circuit expressly rejected the Seventh Amendment concerns raised by Waydoo because "not all monetary relief is properly characterized as 'damages.'" 504 F.3d 1293, 1316 (Fed. Cir. 2007) (rejecting Seventh Amendment concerns raised in context of ongoing royalties). A jury right is not implicated every time the district court is asked to award supplemental damages and to determine factual matters before awarding supplemental damages to fully compensate the patentee. *SynQor, Inc. v. Artesyn*

5

*Techs., Inc.*, 709 F.3d 1365, 1384 (Fed. Cir. 2013) (rejecting defendants' argument regarding right to a jury trial on plaintiff's claim for supplemental damages for post-verdict infringement); *see also Bayer Healthcare LLC v. Baxalta Inc.,* No. 16-CV-1122-RGA, 2019 WL 4016235, at *6 (D. Del. Aug. 26, 2019), *aff'd*, 989 F.3d 964 (Fed. Cir. 2021) ("Baxalta argues that awarding supplemental damages would violate its Seventh Amendment right to a jury trial. I disagree. '[T]he amount of supplemental damages following a jury verdict is a matter committed to the sound discretion of the district court.'").

Courts, including this Court, routinely award supplemental damages for pre-judgment infringing sales not considered by the jury. *See, e.g., E.I. DuPont de Nemours & Co. v. Unifrax I LLC*, C.A. No. 14- 1250-RGA, 2017 WL 4004419, at *7-8 (D. Del. Sept. 12, 2017) (awarding supplemental damages for pre-verdict infringing sales from March 1, 2017 through entry of judgment when defendant produced sales information only through February 2017 at trial); *Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc*., 85 F. Supp. 3d 768, 784 (D. Del. 2015) (awarding supplemental damages for infringing sales up to entry of judgment that were not accounted for in the parties' damages calculations presented at trial); *Veracode, Inc. v. Appthority, Inc.*, 137 F. Supp. 3d 17, 83 (D. Mass. 2015).

The Court's determination of supplemental damages would not invade the jury's province to determine damages because "the amount of supplemental damages following a jury verdict is a matter committed to the sound discretion of the district court." *E. I. DuPont*, 2017 WL 4004419, at *7 (citing *SynQor*, 709 F.3d at 1365). Moreover, there is no conflict with Waydoo's constitutional right to have a jury determine damages because MHL's request is to apply the reasonable royalty rate already **determined by the jury**. Waydoo had its jury trial. It lost. MHL

should not be deprived of fair compensation for Waydoo's continued infringement based on a concocted Constitutional argument that has been soundly rejected by the courts.[1]

Further, the only case cited by Waydoo for the proposition that MHL was required to submit its request for ongoing damages to the jury, *Inter Medical Supplies, Ltd. v. EBI Medical Systems, Inc.*, 181 F.3d 446 (3rd Cir. 1999), is a case regarding punitive damages in a tort and breach of contract case; this is not remotely analogous to the situation at hand. An award of ongoing damages based on a reasonable royalty is common in a patent infringement case where the pre-verdict sales of the infringing product do not fully compensate the patentee for the infringement. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 670 F.3d 1171, 1192 (Fed. Cir. 2012) (affirming award of ongoing royalties when injunction denied); *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1312 (Fed. Cir. 2019) (holding the district court did not abuse its discretion in awarding an ongoing royalty rate equal to the rate found by the jury); *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1370 (Fed. Cir. 2017) (citing *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1303 (Fed. Cir. 2009)). Finally, it bears emphasis that MHL identified in the pretrial order that should it prevail at trial, it would seek "additional damages and/or an accounting for royalties accruing as a result of Defendants' continuing infringement after September of 2022, the most recent date for which Defendants have produced financial information in this case." *See* DI 206-3, PageID 12173. There was no waiver.

### III. MHL IS ENTITLED TO PRE- AND POST-JUDGMENT INTEREST

Waydoo does not dispute the amount of pre- and post-judgment interest sought by MHL, it only opposes the entirety of MHL's request for interest on the grounds that MHL improperly

---

[1] If the Court were to adopt Waydoo's position, it would invite an endless number of jury trials between MHL and Waydoo up until the patent expires.

delayed filing this lawsuit. However, Waydoo offers no argument as to why or how the alleged "delay" was undue.[2] And further, Waydoo's shotgun style argument fails to address why MHL should not still be entitled to interest on post-judgment damages or on pre-judgment damages incurred once and after the lawsuit was filed.[3]

Moreover, the Federal Circuit has held that "to show that delay was undue, a defendant must, at least generally, show that it was prejudiced." *Kaufman v. Microsoft Corp.*, 34 F.4th 1360, 1374–75 (Fed. Cir. 2022) ("[T]he fact that [Patent Owner] did not sue for five years after he became aware of Microsoft's potential infringement does not alone justify a finding of undue delay."). Waydoo has provided no evidence, or even argument, demonstrating that it was somehow prejudiced based on the timing of MHL filing this lawsuit. Nor has Waydoo established that it would have done anything differently had this lawsuit been filed a few months earlier.

## IV.  MHL IS ENTITLED TO ENHANCED DAMAGES AND ATTORNEYS' FEES

Waydoo effectively combines its arguments as to MHL's entitlement to enhanced damages and attorneys' fees and urges the Court to deny MHL's post-trial motions, despite the jury's finding of willfulness (and the other factors raised in MHL's motion), based on the following arguments: there was no direct evidence of copying; Waydoo had a good faith belief that the patents were invalid; Waydoo's litigation conduct was reasonable; an enhanced damages award would jeopardize Waydoo's financial well-being; it was a close case; and there was no attempt to conceal

---

[2] MHL's so called "delay" can be attributed to a number of factors including primarily the inherent delays associated with pre-litigation investigations and due diligence. Further, Waydoo's initial product launch was such a disaster, wrought with defective products and massive customer complaints, that MHL believed (incorrectly) that the market would resolve the case without the need for expensive litigation. *See e.g.*, Tr., Vol. 2, 347:7-18.

[3] In the least, should the Court be inclined to deny MHL's motion for pre-judgment interest based on the alleged "delay", then MHL should be entitled to pre-judgment interest on all damages incurred from the filing of the complaint until judgment, as well as post-judgment interest.

the misconduct. MHL stands by the arguments and evidence cited in its supporting memorandum as to its entitlement to enhanced damages and attorneys' fees and most of Waydoo's arguments need not be addressed again here.

Nevertheless, in terms of copying, it is true that MHL's witnesses could not transport themselves within the minds of Waydoo's witnesses and relay to the jury evidence that Waydoo intended to copy MHL's patents. However, direct evidence of copying is evident from the fact that Waydoo's first iteration of the infringing product, the Flyer, was a carbon copy of the patented product's design. In addition, the circumstantial evidence of copying is powerful given the timeline in which it took a renown aerospace engineer (Langelaan) and an individual who has spent his entire life in the watersports industry (Leason) to bring the first eFoil to market, compared to the timeline it took a company with absolutely no prior experience in anything even remotely comparable to an eFoil, to do the same.[4] Coincidence indeed.

Waydoo claims it had a good faith belief in invalidity based on its claimed knowledge of the Evolo project, and cites deposition testimony from Mr. Tao, who did *not* testify live at trial, to support this assertion. Even if one were to assume this individual's out of context deposition testimony somehow demonstrated a good faith belief on the part of the entire company, a litigation-inspired defense to infringement is not recognized as a defense. *WBIP, LLC v. Kohler Co.,* 829 F.3d 1317, 1341 (Fed. Cir. 2016). In any event, Mr. Tao's testimony falls well short of establishing

---

[4] Waydoo disputes that there is evidence that it had knowledge of MHL's products or patents prior to its infringement or prior to August of 2019. DI 246, pp. 13-14. Such prior knowledge could be inferred from the successful video marketing campaign for the MHL eFoils that began in 2017 (Tr., Vol. 2, 199:18-201:5), as well as the excluded communications between DJI, an owner of Waydoo, and MHL from August of 2017 wherein DJI expressed clear knowledge of MHL's products and was actually trying to buy them from MHL. In addition, Waydoo was on constructive notice of MHL's patents at least as early as May, 2019 when MHL's products first entered the market and were properly marked as patented under 35 U.S.C. § 287(a). *See* Tr., Vol. 2, 201:11-202:2, *see also* PTX 122.

that Waydoo had a good faith belief in the invalidity of the Asserted Patents based on claimed knowledge of the Evolo project. His vague, hearsay testimony was that he spoke with the founder of Waydoo who told Mr. Tao that he had seen a video about the Evolo device sometime in 2017 or 2018. There was no testimony about the company relying on Evolo as the basis for a patent invalidity defense at that time. Nor was this "evidence" ever introduced at trial.

Finally, Waydoo unfortunately resorts to attacks on MHL's counsel by accusing them of doing nothing more than asserting "boilerplate" characterizations of losing patent infringement opponents by referring to another post-trial brief authored by the undersigned counsel just a few months ago. The sad irony and reality of this baseless attack is that while each case is different and should stand on their own set of unique facts, it is MHL and its counsel's experience that there is a common pattern among all willful infringers and their respective litigation counsel. This common pattern involves an unhealthy focus on the billable hour and burying an opponent into litigation oblivion at the expense of fairness, truth, and justice. This type of conduct is evident from the nature and tone of Waydoo's response brief in and of itself given the frivolous nature of many of the arguments asserted therein. Such litigation conduct should be put to pasture with other relics of the past, and Waydoo should not be rewarded (or escape just punishment) for its misdeeds. This is an exceptional case. MHL's motions should be granted.

## **CONCLUSION**

The Court should grant MHL's motion for a permanent injunction, as well as its motions for pre- and post-judgment interest, supplemental damages, enhanced damages and attorneys' fees. In the event the Court does not grant MHL's motion for a permanent injunction, the Court should award MHL ongoing royalties for Waydoo's continued infringement in the amount of $500 per infringing units sold until such time as the Asserted Patents expire.

Dated: July 6, 2023

**COOCH AND TAYLOR, P.A.**

*/s/Andrew A. Ralli*
Blake A. Bennett (#5133)
Andrew A. Ralli (#6733)
The Brandywine Building
1000 N. West Street, Suite 1500
Wilmington, DE 19801
(302) 984-3800
bbennett@coochtaylor.com
aralli@coochtaylor.com

Dennis D. Murrell (*pro hac vice*)
Robert J. Theuerkauf (*pro hac vice*)
Brian P. McGraw (*pro hac vice*)
Megan E. Gibson (*pro hac vice*)
GRAY ICE HIGDON, PLCC
4600 Shelbyville Road #8022
Louisville, KY 40257
(502) 625-2739
dmurrell@grayice.com
rjt@grayice.com
bmcgraw@grayice.com
mgibson@middletonlaw.com

*Attorneys for Plaintiff MHL Custom, Inc*

11