IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAYDOO USA, INC. and SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD.<br><br>　　　　Defendant. | C.A. No. 21-0091-RGA |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A PERMANENT INJUNCTION OR ALTERNATIVE MOTION TO ALTER OR AMEND THE PRIOR ORDER DENYING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION**

<pre>                              John V. Gorman (DE Bar No. 6599)
                              Amy M. Dudash (DE Bar No. 5741)
                              MORGAN, LEWIS & BOCKIUS LLP
                              1201 N. Market Street, Suite 2201
                              Wilmington, DE 19801
                              Telephone:  302.574.3000
                              Fax:  302.574.3001
                              john.gorman@morganlewis.com
                              amy.dudash@morganlewis.com

                              Attorneys for Defendants Waydoo USA, Inc.
                              and Shenzhen Waydoo Intelligence
Dated:  February 2, 2024      Technology Co., Ltd.</pre>

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION .................................................................................................... | 1 |
| II. | NATURE AND STAGE OF THE PROCEEDINGS. ....................................................... | 2 |
| III. | SUMMARY OF THE ARGUMENT ............................................................................ | 2 |
| IV. | STATEMENT OF FACTS ........................................................................................ | 3 |
| V. | ARGUMENT ........................................................................................................... | 3 |
| | A. Reconsideration or Amendment of the Court's Prior Order Denying MHL's First Motion for Permanent Injunction Is an Extraordinary Remedy. ........................................................................................................ | 3 |
| | B. The Purported "Changed Circumstances" Fail to Provide a Basis for This Court to Alter Its Prior Ruling. .................................................................. | 4 |
| | C. MHL's Recycling of Arguments This Court Already Considered and Rejected Does Not Provide a Basis for Granting the Extraordinary Relief MHL Seeks. ............................................................................................... | 6 |
| VI. | CONCLUSION ....................................................................................................... | 7 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bohus v. Beloff*,
    950 F.2d 919 (3d Cir. 1991)............................................................................................4

*Hopkins v. Frontino*,
    Civ. A. No. 11-900-RGA, 2012 WL 404961 (D. Del. Feb. 7, 2012) .........................4

*Kustom Signals, Inc. v. Applied Concepts, Inc.*,
    247 F. Supp.2d 1233 (D. Kan. 2003).............................................................................6

*Paczkowski v. Mears*,
    No. CV 17-1665-RGA, 2021 WL 2359760 (D. Del. June 9, 2021) ......................3, 6

**Other Authorities**

D. Del. Local Rule 7.1.5 ......................................................................................................4

Fed. R. Civ. P. 60............................................................................................... *passim*

I.  **INTRODUCTION**

Dissatisfied with this Court's September 7, 2023 denial of plaintiff MHL Custom, Inc. ("MHL")'s first motion for permanent injunction, MHL now wants this Court to reverse its prior ruling, and again asks for a permanent injunction. But MHL provides no cognizable factual or legal basis for the Court to do so. MHL's motion is based largely on its frustration in communicating with prior counsel for defendants Waydoo USA, Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd. (collectively, "Waydoo"), and on the fact that Waydoo's products have been imported into, and are offered for sale in, the United States. *See* Second Mot. for Entry of Injunction (D.I. 272) (the "Second Injunction Motion" or "Mot."). However, MHL's motion falls far short of demonstrating the extraordinary circumstances that would justify the relief it seeks.

Any supposed breakdown in communication between the parties' counsel is both irrelevant and moot, as Waydoo's below-listed counsel (which first entered its appearance today) is committed to working with MHL's counsel to provide requested sales information and address outstanding issues. That third parties offer to sell Waydoo's products in the United States is nothing new. This Court was aware of Waydoo's ongoing product sales when it denied MHL's first motion for permanent injunction and determined MHL could be compensated for any harm arising from such sales via monetary payment. *See* D.I. 259 at 8-10.

Beyond MHL's complaints about Waydoo's prior counsel and continued U.S. eFoil sales, the balance of MHL's motion is simply "reiterat[ing] and reincorporat[ing] of all arguments previously made it support of its post-verdict motion for entry of a preliminary injunction" (Mot. at 11)—arguments that failed the first time, and that far short of the extraordinary circumstances required for a reversal now under Rule 60.

Accordingly, the Court should reject MHL's efforts to reargue its first motion for injunction, and deny MHL's present Second Injunction Motion.

## II. NATURE AND STAGE OF THE PROCEEDINGS.

MHL's Second Injunction Motion comes after a jury trial in this patent infringement action and this Court's September 7, 2023 Memorandum Opinion and Order resolving MHL's post-trial motions and denying MHL's first motion for permanent injunction. *See* D.I. 259. On October 5, 2023, Waydoo filed a Notice of Appeal. *See* D.I. 262.[1] Subsequently, on January 3, 2024, Waydoo's now-former counsel filed a motion to withdraw as counsel citing a breakdown in the attorney-client relationship. D.I. 270 at 2. MHL's then filed its Second Injunction Motion on January 19, 2024. D.I. 272.

## III. SUMMARY OF THE ARGUMENT

The Court should deny MHL's Second Injunction Motion because:

1. MHL cannot meet the demanding Rule 60 (or reconsideration) standards because there are no extraordinary circumstances present to demonstrate the Court should reverse its prior ruling declining to issue a permanent injunction.

2. MHL's two cited bases for the renewed need for a permanent injunction—(1) a breakdown in communication with Waydoo's prior counsel and (2) continued U.S. sales/imports of products-at-issue—are insufficient to demonstrate that the Court should reverse its prior holding, as these purportedly "new" developments have no impact on the relevant injunction legal factors.

3. MHL's recycling of arguments it already presented when it previously sought a permanent injunction fails to demonstrate that this Court should reverse its prior holding.

---

[1] Despite filing a Notice of Appeal, Waydoo does not dispute that this Court has jurisdiction to rule on the pending Second Injunction Motion.

IV. **STATEMENT OF FACTS**

After a jury trial, the Court considered the legal standard for entry of a permanent injunction as applied to the facts of the instant case—facts which remain the same today[2]—and found that MHL failed to meet its burden to demonstrate irreparable harm in absence of entry of an injunction. *See* D.I. 259 at 9-10. In assessing irreparable injury, the Court held that (1) the parties were competitors, (2) MHL had licensed the asserted patents to other competitors in the market, including a larger competitor than Waydoo, (3) MHL had failed to demonstrate it lost sales due to Waydoo given Waydoo's products were sold at a lower price point and there were other market competitors, and (4) money damages were adequate to compensate MHL for any loss due to Waydoo's sales of products-at-issue. *See id.* at 5-9. In its Second Injunction Motion, MHL points to nothing in the record that alters these prior findings, let alone any fact that rises to the level of demonstrating extraordinary circumstances to disregard these findings.

V. **ARGUMENT**

A. **Reconsideration or Amendment of the Court's Prior Order Denying MHL's First Motion for Permanent Injunction Is an Extraordinary Remedy.**

The only legal basis that MHL cites for seeking an injunction, aside from cases regarding a Court's jurisdiction powers pending appeal (Mot. at 9-10), is Rule 60 of the Federal Rules of Civil Procedure. A Rule 60(b) motion "may be granted only in extraordinary circumstances." *Paczkowski v. Mears*, No. CV 17-1665-RGA, 2021 WL 2359760, at *1 (D. Del. June 9, 2021). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."

---

[2] Waydoo maintains it is not a direct competitor of MHL, but acknowledges the Court found otherwise based on record facts, which remain unchanged as of the date of the instant filing. *See* D.I. 259 at 5-6 (evaluating facts relevant to nature of competition factor).

*Id.* (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Rule 60(b) motions are "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances." *Id.* A Rule 60(b) motion is "is not appropriate to reargue issues that the court has already considered and decided." *Id.*[3] Thus, "[t]he movant under Rule 60(b) 'bears a heavy burden,'" which requires showing "extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).

      **B.**    **The Purported "Changed Circumstances" Fail to Provide a Basis for This Court to Alter Its Prior Ruling.**

MHL argues that "significantly" changed circumstances warrant reversal of the Court's prior order denying MHL's first motion for permanent injunction. Mot. at 1. Those circumstances boil down to (1) a purported lack of substantive communications from Waydoo's prior counsel, and (2) ongoing importation and sales of Waydoo products in the United States. *See id.* at 1-4. But these circumstances do not provide a basis for the Court to reverse its prior ruling. Indeed, MHL fails to cite any legal authority supporting that these issues could (or do) give rise to a legal basis for granting a permanent injunction.

***First***, any issues MHL's counsel had obtaining information from, or communicating with, Waydoo's prior counsel are not relevant to whether an injunction is appropriate, and MHL cites to no authority that it is. Further, those issues are now moot, given that Waydoo has retained new counsel who will work with MHL's counsel to address outstanding case issues. Given MHL's

---

[3] Although MHL never cites to D. Del. Local Rule 7.1.5, its Second Injunction Motion invites the Court to entertain reargument. Such a belated motion for reargument is untimely. *See* D. Del. L. R. 7.1.5. Timeliness aside, MHL cannot demonstrate that any of the bases for reargument are satisfied here—namely, that (1) the Court patently misunderstood it in prior briefing, (2) the Court erred in apprehension, or (3) the Court made a decision outside the scope of the issue presented. *See Hopkins v. Frontino*, Civ. A. No. 11-900-RGA, 2012 WL 404961, at *2 (D. Del. Feb. 7, 2012) (setting forth reargument factors).

4

confusion regarding whether Waydoo has sold the products-at-issue in the United States after 2022 (*see id.* at 2-3), the undersigned counsel is today producing business records documenting each of Waydoo's U.S. sales of eFoil in 2023.[4] Further, Waydoo's undersigned counsel is reaching out to MHL's counsel today to schedule a meet and confer next week regarding how to determine a reasonable royalty rate for ongoing sales. Thus, there should no longer be a breakdown in communication between the parties' counsel. Likewise, there is no "undue burden" on MHL's counsel since it will today have the requested eFoil sales information and should be able to—consistent with the Court's prior Order—"see if [counsel] can reach an agreement on an ongoing royalty." D.I. 260 ¶ 3. In any event, any purported prior communication issues between counsel are not a basis for this Court to reverse its prior holding and enter a permanent injunction.

**Second**, MHL complains that there is evidence that Waydoo's eFoils continue to be imported and offered for sale in the United States, but this does not warrant reversal of this Court's prior holding that monetary compensation (in the form of an ongoing royalty) is sufficient to compensate MHL for any sales of the infringing products in the United States. D.I. 259 at 9-10. Notably, this Court denied MHL's first request for a permanent injunction even though Waydoo's United States distributor was selling Waydoo products in the United States at the time. *See id.* The facts are not different today. As before, Waydoo continues to sell its products to its U.S. distributor, and those sales do not provide some new basis for a permanent injunction.

At bottom, the supposedly changed circumstances MHL discusses in its Motion have no impact on this Court's prior ruling and do not provide the requisite extraordinary basis for the

---

[4] In its motion, MHL points to various websites where Waydoo's eFoils are offered for sale and suggests that Waydoo is selling product in the United States through multiple outlets. Even if this were relevant, MHL's speculation is misplaced. Waydoo's 2023 United States sales have been made only to a single U.S. distributor, who is presumably the source for the downstream retailers identified by MHL.

5

Court to reverse its denial of injunction. Accordingly, the Court should deny MHL's Second Injunction Motion.

### C. MHL's Recycling of Arguments This Court Already Considered and Rejected Does Not Provide a Basis for Granting the Extraordinary Relief MHL Seeks.

Beyond its "changed circumstances" argument, MHL's motion simply rehashes and incorporates by reference the arguments it previously made in its unsuccessful first motion for permanent injunction. *See* Mot. at 11 ("Plaintiff reiterates and incorporates by reference all argument previously made in support of its post-verdict motion for entry of a permanent injunction.") *id.* at 12 ("While Plaintiff's irreparable harm arguments have not changed based on the recent activities of Defendant . . . ."); *id.* at 13 ("Plaintiff reiterates its prior arguments.") *id.* ("Plaintiff also reiterates the general arguments" it made in its earlier briefing on first injunction motion). Such repetition of failed arguments does not demonstrate that the Court should reverse itself and grant the extraordinary relief sought. *See Paczkowski*, 2021 WL 2359760, at *1 ("A motion for reconsideration [under Rule 60(b)] is not appropriate to reargue issues that the court has already considered and decided."); *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp.2d 1233, 1235 (D. Kan. 2003) ("Like a motion to reconsider, a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.").

MHL asserts that "Defendants' refusal to cooperate turns the tide in Plaintiff's favor with respect to injunctive relief." Mot. at 13. MHL is factually and legally incorrect. As discussed herein, any supposed "refusal to cooperate" is no longer an issue. And MHL has not cited (and, indeed, cannot cite) any authority supporting that such communication issues can warrant entry of a permanent injunction. The facts that this Court relied on in denying MHL's first injunction motion remain unchanged: there still is another larger competitor in the market, MHL has licensed

6

its patent to other competitors in the market, and a sale by Waydoo is not automatically a sale lost by MHL. *See* D.I. 259 at 8-9 (making these factual findings).

## VI. CONCLUSION

For the foregoing reasons, Waydoo respectfully requests that the Court deny MHL's Second Injunction Motion and decline to revisit and reverse its prior holding.

Dated:  February 2, 2024

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/John V. Gorman*
John V. Gorman (DE Bar No. 6599)
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone:  302.574.3000
Fax:  302.574.3001
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Waydoo USA, Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd.*