IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MHL CUSTOM, INC., <br><br> Plaintiff, <br><br> v. <br><br> WAYDOO USA, INC. and SHENZHEN WAYDOO INTELLIGENCE TECHNOLOGY CO., LTD, <br><br> Defendant. | C.A. No. 21-0091-RGA |

**STIPULATED [PROPOSED] ORDER ON ONGOING ROYALTIES**

WHEREAS, on March 31, 2023, following a six-day trial, the jury entered a verdict in favor of Plaintiff, MHL Custom, Inc. ("Plaintiff"), and against Defendants Waydoo USA Inc. and Shenzhen Waydoo Intelligence Technology Co., Ltd. ("Defendants") (collectively "the Parties"), finding that Defendants willfully infringed claims 1-2, 5 and 6 of Plaintiff's U.S. Patent No. 9,359,044, and claims 1-2 of Plaintiff's U.S. Patent No. 9,586,659 ("Patents-in-Issue"), and that Plaintiff was entitled to recover from Defendants damages of $1,334,000 at a royalty rate of $500 per Flyer, Flyer One and Flyer One Plus model eFoil unit sold in the United States ("Products at Issue").

WHEREAS, the Court entered the jury's verdict on April 4, 2023. (D.I. 222).

WHEREAS, the Court entered Judgment on the jury verdict on April 12, 2023. (D.I. 226).

WHEREAS, Defendants challenged the jury verdict and filed a renewed motion for judgment as a matter of law and for a new trial (D.I. 234), which the Court denied (D.I. 258), and also challenged Plaintiff's entitlement to ongoing damages (*see* D.I. 253 at 10-11).

1

WHEREAS, Plaintiff filed a post-trial motion seeking, *inter alia*, to recover ongoing royalty damages from Defendants for the continued sale of infringing products, post-judgment, in the amount of $500 per unit sold. (D.I. 233).

WHEREAS, the Court issued a Memorandum Opinion and Order on September 7, 2023, denying Plaintiff's motion for ongoing royalties, without prejudice. (D.I. 259)

WHEREAS, notwithstanding Defendants' position that ongoing royalties are inappropriate and should not be awarded in the instant action, the Court ordered the parties to see if they can reach agreement regarding an ongoing royalty (D.I. 260, ¶ 3) and stated that Plaintiff is free to file another motion for ongoing royalties if the parties are unable to come to an agreement (D.I. 259 at 13).

WHEREAS, the Parties stipulate that an ongoing royalty rate imposed by the Court in this case should be in an amount that mirrors the jury verdict in the instant action—namely, $500 per Product at Issue sold in the United States until such time as the Patents-at-Issue expire.

WHEREAS, the Parties' agreement is without prejudice to any future appeal.

WHEREAS, the Parties agree that Defendants have preserved all previously lodged challenges and objections to the jury's verdict, including the appropriateness of the royalty calculated by the jury, Plaintiff's entitlement to a reasonable royalty and the amount of any such royalty, as well as Defendants' challenges to the propriety of an ongoing royalty.

WHEREAS, the Parties agree that if the Federal Circuit determines on any appeal in this case, that all of the infringed claims of the Patents-in-Issue are invalid, that Defendants have not infringed both of the Patents-in-Issue, or the Federal Circuit vacates or reverses the jury verdict in whole or in part then this stipulation, and Plaintiff's entitlement to an ongoing royalty in the amount of $500 per Product at Issue sold, would be rendered moot. Except however, if the Federal

Circuit vacates or reverses the jury verdict and remands to the district court for further proceedings, and, after remand and any further proceedings at the district court, Waydoo is determined to be liable for infringement of one or more of the claims of the Patents-at-Issue, one or more of the infringed claims of the Patents-at-Issue are not found to be invalid, and the judgment regarding Plaintiff's entitlement to reasonable royalty damages and ongoing royalties remains intact, then this Stipulated Order will remain in effect under the terms set forth herein.

WHEREAS, subject to any rulings by the Federal Circuit or this Court, the parties reserve all rights to raise arguments relating to an ongoing royalty should the underlying jury verdict and/or judgment or orders as to reasonable royalties, ongoing royalties and/or ongoing damages in any form be reversed or vacated in whole or in part.

IT IS HEREBY ORDERED, subject to the terms and conditions agreed upon above, that Plaintiff shall be entitled to recover an ongoing royalty payment from Defendants in the amount of $500 per Product at Issue sold after April 12, 2023.

| **COOCH AND TAYLOR, P.A.** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| /s/Blake A. Bennett<br>Blake A. Bennett (#5133)<br>The Nemours Building<br>1007 N. Orange Street, Suite 1120<br>P.O. Box 1680<br>Wilmington, DE 19801<br>Telephone: (302) 984-3800<br>E-Mail: bbennett@coochtaylor.com<br><br>-and-<br><br>Dennis D. Murrell (KY 84017, *pro hac vice*)<br>Robert J. Theuerkauf (KY 89068, *pro hac vice*) | /s/ Amy M. Dudash<br>John V. Gorman (#6599)<br>Amy M. Dudash (#5741)<br>1201 N. Market Street, Suite 2201<br>Wilmington, DE 19801<br>Telephone: 302.574.3000<br>Fax: 302.574.3001<br>john.gorman@morganlewis.com<br>amy.dudash@morganlewis.com<br><br>*Attorneys for Defendant Waydoo USA, Inc. And Defendant/Counter Plaintiff Shenzhen Waydoo Intelligence Technology Co., Ltd.* |

Brian P. McGraw (KY 90447, *pro hac vice*)
Megan E. Gibson (KY 97237, *pro hac vice*)
GRAY ICE HIGDON
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
Tel: 502.625.2739
dmurrell@grayice.com
rjt@grayice.com
bmcgraw@grayice.com
mgibson@grayice.com

*Attorney for Plaintiff MHL Custom, Inc.*

SO ORDERED this  17  day of    June           , 2024.


                                    /s/ Richard G. Andrews
                                  United States District Judge